IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 3: 03 CR 739

      v.

                                                  O R D E R

JAMES L. WHEELER, et al.,

        Defendants.

KATZ, J.

      To address issues relating to jury selection, opening stages of trial and trial schedule, the Court held a pretrial conference on **February 25, 2004.** All defendants were present and represented by counsel who appeared in person; however, government counsel participated by telephone.

      The Court advised that after considering all written suggestions submitted by counsel, the extended questionnaire has been finalized. Prior to completing such questionnaires, prospective jurors will hear either a reading of the redacted indictment or a summary thereof, as read by the Court in person or by video tape. Government counsel indicates that a proposed summary will be sent to Jeff Helmick for review and approval by defense counsel. The Court outlined the following procedure for screening prospective jurors. On **March 8th and March 9th**, **2004**, prospective jurors will assemble in the Courtroom in successive groups of twenty-five each, with defendants present, to be sworn, hear preliminary jury instructions and have counsel and defendants introduced. Prospective jurors will return to the jury lounge to watch the video taped

reading of the agreed indictment summary. Otherwise, the entire indictment will be read and played by videotape to prospective jurors, who will then complete the extended questionnaires. The process will be repeated for each group of 50 until all prospective jurors have completed questionnaires. The Court expects that copies of the completed questionnaires will be available to counsel by **Wednesday, March 10, 2004;** any request by counsel to excuse a juror for cause will be due by noon, **Friday, March 12, 2004.** A ruling on such requests will be made prior to the commencement of voir dire at 9:00 a.m. on **Wednesday, March 17, 2004.**

The Court anticipates that voir dire will be completed within two days and allots the following peremptories: each defendant will be given two peremptories for a total of twenty-eight and any unused peremptories may be pooled. Although the Court initially allotted the government 8 peremptories, government counsel requested an increase to 16 peremptories. After indicating an inclination to grant the government's request for at least 12 peremptories, the Court took such request under advisement. The Court has now determined to allot 12 peremptories to the government.

During voir dire, eighteen prospective jurors will be questioned jointly in the Courtroom and personal issues regarding such jurors will be addressed on an individual basis. Questioning by counsel will be limited to *significant* follow-up questions. Repetitious questioning will not be permitted. The Court will seat 12 jurors and six alternates. Prospective jurors not selected will be excused in the inverse order of their juror numbers.

Opening statements will commence on **Friday, March 19, 2004** with an alternate date of **Tuesday, March 23, 2004** if voir dire is prolonged. Government counsel requested and the Court granted two hours for opening statements. Defense counsel requested approximately 15 minutes as to each defendant (one or two attorneys requested additional time) and the Court grants

that time to defense counsel for presenting their opening statements.

The Court reminded counsel to refer to prior orders issued on January 6 and 7, 2004 (Docket Nos. 751 and 769), addressing, *inter alia,* the anonymous jury, Local Rules, ABA Code of Professional Conduct, the Dress Code and dates for providing clothing for defendants to the U.S. Marshal's Office.

Trial will be conducted weekly on Tuesday through Friday between 9:00 a.m. and 4:00 to 6:00 p.m., except that no court proceedings will be held on **March 31, 2004** and during the week of **April 5-9**, **2004**

Other miscellaneous trial issues were discussed. In response to defense counsel's query, government counsel advised that a mechanism will be provided to relate a previously unidentified "source" in the Jencks material to the appropriate government witness. Questions regarding the availability of Realtime will be discussed during a session with Tracy Spore following the pretrial. Government counsel represented that an exhibit list and jury instructions will be provided by **March 5, 2004.** The Court overruled the objection of counsel for Defendant Garland to its ruling permitting jurors to take notes during trial. A decision as to whether to include jury instructions in the jurors' notebooks has not yet been made. The Court will advise counsel of its ruling on such issue.

IT IS SO ORDERED.

    /s/ *David A. Katz*
David A. Katz
United States District Judge