IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,               Case No. 3:03 CR 739

-vs-

                                              MEMORANDUM OPINION

JAMES L. WHEELER,

               Defendant.

KATZ, J.

Before the Court is Petitioner, James L. "Frank" Wheeler's, motion pursuant to 28 U.S.C. § 2255 to vacate the judgment and sentence entered against him on January 5, 2005. That judgment and sentence is final and properly before the Court since on April 20, 2009 the United States Supreme Court denied Wheeler's petition for a Writ of Certiorari. Counsel for both Petitioner and Government have briefed their respective positions. After a thorough review of those memoranda, the Court finds that the Government's position is significantly more convincing than that of Wheeler and, therefore, will deny the requested relief.

**BACKGROUND**

The procedural history has been set forth in both parties memoranda and need not be repeated in full here. Wheeler, along with 37 others, some of whom were Outlaw Motorcycle Club ("OMC") members, were indicted by a federal grand jury in this District on 'April 8, 2003. (3:03 CR 739). Wheeler was named in Count 1, substantive RICO, 18 U.S.C. § 1962(c), Count 2, conspiracy to commit RICO, 18 U.S.C. § 1962(D), Count 3 conspiracy to possess narcotics with intent to distribute, 21 U.S.C. §§ 841 and 846, and Count 4 conspiracy to use and possess a firearm during the commission of a drug trafficking offense, 18 U.S.C. § 924(o). After trial he

was found guilty on Counts 1, 2 & 3, with a special verdict form as to drug quantities and a special verdict form as to racketeering acts committed. He was found not guilty of Count 4.

On January 5, 2005 Wheeler was sentenced to life imprisonment on the substantive RICO and drug conspiracy counts, to run concurrently, to 20 years imprisonment on the RICO conspiracy count, to run consecutively. Upon appeal, Wheeler raised two issues: first, that his indictment for the substantive RICO, RICO conspiracy and drug conspiracy offenses violated the Double Jeopardy Clause because of an earlier prosecution in Florida; and second, that his sentence was improperly imposed for various reasons. The Court of Appeals for the Sixth Circuit held: (1) Wheeler's subsequent prosecution in Ohio for substantive RICO and RICO conspiracy offenses violated the Double Jeopardy Clause; (2) successive indictment for the drug conspiracy did not constitute a double jeopardy violation; (3) the overlap between conspirators and time periods charged for each drug conspiracy did not constitute a double jeopardy violation as to the subsequent indictment; and (4) any *Booker*, Sixth Amendment, or reasonableness error in sentencing Wheeler was harmless. *United States v. Wheeler*, 535 F.3rd 446 (6th Cir. 2008). The United States Supreme Court denied Wheeler's petition for a Writ of Certiorari on April 20, 2009. *Wheeler v. United States,* 129 S.Ct 2030, 173 L.Ed.2d 1117 (2009). In the pending motion filed pursuant to 28 U.S.C. § 2255, Wheeler raises three claims of ineffective assistance of both trial and appellate counsel relating to his claim that the Ohio drug trafficking conspiracy indictment violated the double jeopardy clause because the conspiracy overlapped an earlier drug conspiracy indictment brought in Florida, and that the predicate felony convictions relied upon to enhance his sentence to life imprisonment were improperly applied.

**DISCUSSION**

The Government's memorandum at pages 3 thru 6 effectively articulate § 2255 claims, in general, and ineffective assistance of counsel claims, in particular. The latter claims are, of course, governed by *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must prove that counsel's performance was deficient and second, that such deficiency prejudiced Petitioner. Petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* At 687.

### I. DOUBLE JEOPARDY AND DRUG TRAFFICKING CONSPIRACY

In this first claim Wheeler states that both his trial and appellate counsel were ineffective for failing to adequately present the factual basis to support his double jeopardy claim, that Count 3 drug trafficking conspiracy charged in Ohio was drawn from the same interrelated facts as the conduct underlying his Florida prosecution. The Government strongly disagrees and the Court agrees with the Government's position that there was no overlap between the conspiracy charged in Ohio to possess with intent to distribute and the conspiracy changed in Florida. As stated by the Government:

> The sole narcotics conspiracy count in the Florida indictment which went to verdict was Count 3, covering the time period January 2002 to the date of the Florida indictment (September 2002). This short-duration conspiracy involved Wheeler and Dennis Pelligrini, aka "TA" and is factually unrelated to the extensive 'Green' region conspiracy set forth in Count 3 of the Toledo indictment. As such, there was no factual overlap between the two indictments, and double jeopardy does not bar prosecution of Wheeler for a factually different drug conspiracy in the Toledo indictment.

(Gov. Resp. p.7).

As to the foregoing, the Sixth Circuit agreed and found Wheeler's successive indictment for drug conspiracy did not constitute a violation of the double jeopardy clause. Therefore, it is hardly arguable that there was deficient representation either at the trial court level or at the

3

appellate level. The Government's memorandum discusses in extensive fashion the intricacies of the Florida prosecution and the conclusions reached by the Sixth Circuit.

In its concluding argument on this issue, the Government asserts that first, jeopardy never attached to Florida Count 4, and second, it was a separate conspiracy than that charged in Count 3 of the Ohio indictment. Thus, Wheeler's allegation that his defense counsel was deficient in representing him and fell below an objective standard of reasonableness under prevailing professional norms carries very little weight. The Court agrees that Wheeler is unable to demonstrate either error or prejudice as required so to do to sustain a claim of ineffective assistance of counsel. Therefore, his first claim will be denied.

### II. FAIR TRIAL DENIED BECAUSE OF JOINDER WITH RICO DEFENDANTS

The Sixth Circuit determined that Wheeler's prosecution in this Court for substantive RICO and RICO conspiracy offenses violated double jeopardy due to the fact that the Ohio indictment was for the same pattern of racketeering activity for which he was previously indicted in Florida. It is Wheeler's contention that had his trial counsel obtained dismissal of the RICO count based on double jeopardy earlier, either in the district court or through an interlocutory appeal, he would never have been joined in the first trial and no Ohio jury would have heard evidence or rendered a verdict on the RICO counts.

As anticipated, the Government maintains that Wheeler suffered no such prejudice. As in *United States v. Tocco*, 200 F3rd. 401 (6th Cir. 2000), the same applies here:

> We must presume that juries are capable of sorting out the evidence and considering the case of each defendant separately. * * *

Similarly, in *United States v. Moreno,* 93 F.2d 362 (6th Cir.), *cert. denied,* 502 U.S. 895 (1991), one of the defendants sought unsuccessfully to have his trial severed from his co-defendants. The appellate court denied his "spillover" effect from the joint trial, stating that the defendant

> must show an inability by the jury to separate and to treat distinctively the evidence that is relevant to each particular defendant on trial. [T]here is a presumption that the jury will be able to sort out the evidence applicable to each defendant and render its verdict accordingly.

*Moreno*. 933 F.2d at 370. (Citations omitted).

Applying the foregoing case law to the case at bar, it is clear that there was no "spillover effect" for Wheeler's being joined with the RICO defendants. Clearly, the jury was able to sort through the evidence as it applied to each defendant and each charge. Multiple defendants were found guilty of one charge while acquitted of another. (See p. 12 Gov. Resp. Doc. No. 2153).

This Court sat through the trial and finds that Wheeler has presented no evidence of actual prejudice which he suffered as a result of his attorneys' unsuccessful attempt to remove him from the RICO trial, thus failing to meet the two-pronged test of *Strickland*. Therefore, this ineffective assistance of counsel claim will be denied.

### III. LIFE SENTENCE ILLEGALLY IMPOSED AS A RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL

Wheeler states that his trial counsel was ineffective for stipulating that his conviction for conspiracy to possess with intent to distribute carried a mandatory minimum life sentence. His position is that he did not qualify for such sentence under 21 U.S.C. § 841(b)(1)(A) because 21 U.S.C. § 851, the information filed by the Government, was inadequate for multiple reasons. Those three reasons are: the Florida RICO conviction cannot serve as a qualifying predicate because it was on direct appeal and thus not a "final" conviction; the Florida conviction was not

listed in the Government's information; and the two predicates listed in the § 851 motion were two counts from a single 1972 Indiana case.

The Government's memorandum beginning at the top of page 15 until the middle of page 18 clearly delineates the reasons why these issues must be determined adverse to Wheeler. This Court did, in fact, consider the two counts as only one predicate act. (See R. 1793 Sentencing Transcript at TR 15-16).

With respect to the quantity of drugs, the 5 kilogram amount, trial counsel raised that issue at sentencing and was interrupted by the Court, which stated: "I only used for sentencing the jury's finding of 5 kilograms or more of cocaine. I did not use any finding of quantity in the Florida case as relevant conduct, if you will." (See R. 1793 Sentencing Transcript at TR 16). Therefore, counsel at trial was not ineffective for challenging that the 5 kilogram quantity of cocaine attributed to here in the Ohio case included Florida drugs. Clearly, this was not so.

The Government concedes that the two 1972 Indiana charges constituted but a single predicate act and, in fact, that this Court found accordingly. The Government also concedes that the 2004 Florida conviction of Wheeler was not listed in the § 851 information and likewise is not eligible to be counted as a prior conviction for § 841(b)(1)(A) enhancement purposes.

Instead of applying a statutory limit to determine Wheeler's sentence, this Court relied upon the U. S. Sentencing Guidelines and 18 U.S.C. § 3553(a) factors. This Court stated:

> [I]t seems to me that *under the guidelines*, most of this *doesn't make any difference*. IT would appear to me, for instance, even if Mr. Wheeler were a criminal history category 36 – or a 2, and an offense level of 36, that the maximum under there is 262 months under Counts 1 and 3. And if I followed that, I will tell you, *I would impose them consecutively*. That's 524 months, or 43 years plus.
> We then come to Count 2, which is 20 years consecutive.
> So whether it's a 37 plus four [for leadership role], and a mandatory 360 years to life as a criminal history category six, or a 36 with a criminal history of

6

> category two, *the sentence is going to be tantamount to life. I want to make that very clear.*

(R. 1793 Sentencing Transcript at TR 12). (emphasis added). Finally, this Court determined that Wheeler's guideline range for a criminal offense level of 41 and criminal history category 6 corresponded to a sentencing range of 360 months to life. This Judge imposed a sentence of life imprisonment which, while at the high end of the range, is within Wheeler's range under the Sentencing Guidelines. Thus, there is no validity to the final claim of ineffective assistance of counsel.

**CONCLUSION**

Having read the memoranda filed on behalf of both Wheeler and the Government and reviewed the transcript of the sentencing of Wheeler, there is no question in this Judge's mind that the Government's statements contained at page 17 of the Government's response (Doc. No. 2153) are absolutely accurate: the Court relied upon the Sentencing Guidelines and the § 3553(a) factors in imposing a sentence at the high end of the range and it is clear that there was no need to consider the § 851 information, nor did this Judge do so. For all of the above reasons, Wheeler's motion to vacate sentence filed pursuant to § 2255 is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE