UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

2014 AUG 25 PM 12: 12

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. **3:03-cr-00739-DAK** |
| Respondent, | ) | |
| Vs. | ) | |
| | ) | |
| JAMES L. WHEELER | ) | |
| | ) | |
| Defendant-Movant. | ) | |

MOTION FOR REDUCTION OF SENTENCE
TITLE 18, UNITED STATES CODE
<u>SECTION § 3582(c) (2)</u>

COMES NOW, defendant *James L. Wheeler* (Movant) pro se, and respectfully moving this Court for an Order reducing the sentence, pursuant to 18 U.S.C. § 3582, previously imposed in the above-entitled and numbered cause, shows the Court that:

(2)

## NATURE OF PROCEEDING

This motion is brought pursuant to 18 U.S.C. § 3582 (c)(2), which allows that:

" (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944 (o), upon motion of the defendant… the court may reduce the terms of imprisonment, after considering the factors set forth in section 3553 (a) [ 18 USC § 3553 (a)] to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission."

(3)

## STATEMENT OF CASE AND FACTS

Defendant-Movant James L. Wheeler was convicted, after trial for violation of the Federal Controlled Substances Act (CSA), 21 U.S.C. § 846.

On January 5, 2005 Movant was sentenced to a term of Life in the Federal Bureau of Prisons (BOP), and Movant has been imprisoned since September 25, 2002. Notably, the Court imposed a total sentence of Life. Movant did appeal the conviction or sentence, <u>United States v. Wheeler</u>, 535 F.3d. 446, (6th Cir.) which was reversed, insofar as the Rico conviction were concerned.

At the time of sentencing, the Court, based upon the Presentence Report (PSR), found that Movant's offense level was 41 with a corollary criminal history category or VI, resulting in a sentence range of 360 months minimum, to Life maximum.

As noted above, the Court determined a sentence of Life was appropriate, and imposed sentence accordingly. [USDJ Katz]

The Sentencing Commission has since lowered the applicable drug table, and Movant's new offense level is 39 which when juxtaposed to a Criminal History Category VI, reveals a new sentence range. See <u>USSG Chapter 5, Tables</u>.

During the interregnum, in the course of Movant's imprisonment, he has availed himself of numerous volunteer education courses, and is presently awaiting enrollment in the BOP's intense Residential Drug Treatment Program, 18 U.S.C. § 3621; while completing each of the Court's mandated program and core needs.

As well, Movant has maintained an infraction free disciplinary record, and receives stellar progress reviews and reports. [See attached exhibits, Educational and Disciplinary BOP "Sentry Reports".]

In sum, it is respectfully submitted that the change in the Drug Tables, which effectively have lowered the Movant's post-sentence rehabilitation, strongly militate in favor of this Court's exercise of discretionary powers to reduce Movant's BOP term to a period of 240 months, instanter.

## DISCUSSION

The Sentencing Commission lowered the offense levels in the drug table by two levels.

As such, Movant's base offense level is susceptible to a vertical reduction of two (2) points, and resentencing to a lesser term of imprisonment.

Importantly, the Court is directed to Section § 1B1.10 of the Guidelines by operation of 18 U.S.C. § 3582 (c) (2), and the Court is in no way constrained as to what information it may rely on in determining a new sentence. See: 18 U.S.C. § 3661, and see: Pepper V. United States, ___ U.S. ___, 131 S.Ct. 1229 (2011)

Herein, Movant has maintained an exemplary disciplinary record in the BOP, and has attended, and successfully completed all Court mandated treatment and rehabilitative programs. Likewise, Movant has voluntarily enrolled in, and completed a number of Adult Continuing Education (ACE) courses in the BOP, as well as maintaining enrollment in educational schooling thru completion.

Moreover, Movant has extensive family ties, community ties, and arranged for support and outpatient drug abuse education and

(6)

therapy upon release from incarceration. Parenthetically, the programs which Movant has completed have been demonstrated to significantly reduce the risk of return rate based upon any recidivist behavior and conduct.

Lastly, as the Supreme Court said in Pepper, supra, consideration of post-sentence rehabilitation evidence is in fact relevant to several of the 18 USC § 3553 (a) factors and could support a downward variance.

Because the Sentencing Commission has changed the drug tables, by reducing same 2 points, and because Movant has clearly availed himself of all available post-sentence rehabilitation programs offered in BOP, it is respectfully submitted that a reduction of the term of imprisonment, at the low-end of the newly derived offense level is indicated.

## MOVANT'S SENTENCE SHOULD BE
## MODIFIED UNDER § 3582 (C) AND
## IMPOSED CONCURRENT WITH THE
## FEDERAL RICO CONVICTION IN FLORIDA

As this court is aware, Movant was initially charge with inter alia, Rico, 18 U.S.C. § 1962(c); Conspiracy to commit Rico, 18 U.S.C. § 1962(d), Conspiracy with Intent to Distribute Narcotics, 21 U.S.C. §§ 846 and 841, and Federal Firearms Conviction, 18 U.S.C. § 924 (o), after trial to a jury and judge in this court. [Movant was acquitted of the firearms offense.]

On direct appeal, the Rico and Rico Conspiracy were vacated and dismissed upon Double Jeopardy clause grounds, See: United States v. Wheeler, 553 F. 3d 446 (6th Cir. 2008).

The court of appeals also determined that the subsequent indictment for controlled substances Act violations- in relation to Movant's over arching Federal Convictions for, inter alia, Rico, in Florida- did not constitute double jeopardy such as required dismissal of these counts, although there was in fact an overlap between the CSA counts in Ohio with those resulting in convictions in Florida.

Notwithstanding, this court reimposed a Life Term upon the remaining CSA counts, consecutive to the Florida sentence.

As will be demonstrated, infra, Movant's Life Term No longer obtains in light of the recent Guideline Amendments, and such sentence must be imposed concurrent with the Federal sentences imposed in Florida. This is so, as the court

(8)

of Appeals did in fact find an overlap between the Ohio and Florida <u>CSA</u> crimes, all of which took place under one (1) Rico and Rico Conspiracy.

It is axiomatic that, generally it is to a court's discretion to impose consecutive or concurrent terms. Indeed, Court of Appeals found that Petitioner's challenge of his **consecutive** sentence was without merit. U.S. Supreme Court recently ruled that the Sixth Amendment does not prohibit judges from imposing **consecutive**, rather than concurrent sentences. <u>Oregon v. Ice</u>, 555 U.S. 160, (2009); <u>Adams v. Kelly</u> 2009 U.S. Dist. LEXIS 116726 (N.D. Ohio Dec. 15, 2009); <u>Shie v. Smith</u>, 2009 U.S. Dist. LEXIS 16431, (N.D. Ohio Feb. 13, 2009).

While the <u>CSA</u> convictions herein were found to <u>NOT</u> violate Double Jeopardy, a brief discussion thereof is instructive.

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause has been interpreted to protect persons from successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense. <u>Brown v. Ohio</u>, 432 U.S. 229, (1932) (requiring the court to determine whether each charged offense "requires proof of an additional fact which the other does not"). The Blockburger test is designed to deal with the situation where closely connected

(9)

conduct results in multiple charges under separate statutes. Under Blockburger, the critical question is whether the multiple charges in reality constitute the same offense. Thus, the Blockburger test focuses on whether the statutory elements of the two crimes charged are duplicative. If the elements of the two statutes are substantially the same, then to charge the defendant under both will violate the Double Jeopardy Clause.

Here, the CSA charges in Ohio are the same as those in Florida, but involved different players. Yet, some of the players are actually held to account in both locales, and or under the same Rico and some but not all of those activities overlap. But, Movant's sentence in Ohio, upon the receiving-after appeal-CSA convictions are consecutive to those witch they overlap. Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the some offense. The question of what punishments are constitutionally permissible is not different from the question of what punishment the legislative branch intended to be imposed. Where Congress intended to impose multiple punishments, imposition of such sentence does not violate the Constitution. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which

(10)

the other does not. Courts will infer from the existence of a single offense that Congress did not intend to authorize the imposition of cumulative punishments. The rule is merely a means of discerning congressional purpose and does not control where there is a clear indication of contrary legislative intent.

Where we are dealing with two trials, such as is not dispositive. As this is so because the court wrongly allowed Movant to be tried on a separate Rico and Rico Conspiracy in Ohio, clearly in violation of the Double Jeopardy prophylaxis. The <u>CSA</u> charges in Ohio were part of the Florida Rico and Rico Conspiracy. As born true by the Sixth Circuits decision.

There is no showing that Congress intended the <u>CSA</u> sentence from Ohio to be consecutive to, and divorced from the Florida Rico, Rico Conspiracy, and <u>CSA</u> violations.

Because Congress has not made explicit that the sentence is to be consecutive. The overriding reason it is consecutive is that the sentences were part of a sentencing package, upon Rico, Rico Conspiracy etc; which was entirely consecutive to the Florida convictions.

Instead, and analysis is required, the Supreme Court in <u>Albernaz v. United States</u>, 450 U.S. 161, (1977), "where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple

(11)

punishments for the same offense." Thus, the question of what punishments are constitutionally permissible is not different from the question of what punishment the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution. 450 U.S. at 344 (footnote and citation omitted). Albernaz presented three alternative methods for determining what punishments Congress intended to impose for violations of 21 U.S.C. §§ 846 and 963. An examination of the language of each statute revealed that each unambiguously authorized punishment for violations of its terms. However, neither statute contained an explanation of how its punishments related to punishments authorized by the other. The legislative history of the statutes was likewise silent on the question of whether consecutive sentences could be imposed for violations of section 846 and 963. As a third alternative, the Court applied the Blockburger rule to determine whether Congress intended the two statutory offenses to be cumulatively punished. Blockburger v. United States, 284 U.S. 299 (1932).

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. 284 U.S. at 304. See also cases refining Blockburger: Illinois v. Vitale, 447 U.S. 410, (1980); Whalen v. United States, 445

U.S. 684, (1980); and Brown v. Ohio, 432 U.S. 161, (1977). Courts will infer from the existence of a single offense that Congress did not intend to authorize the imposition of cumulative punishments. The Albernaz Court concluded that "section 846 and 963 specif[ied] different ends as the proscribed object of the conspiracy – distribution as opposed to importation ...." 450 U.S. at 339. Hence, Congress intended to permit consecutive sentences for violations of both provisions. The Court cautioned that the Blockburger rule is merely a "means of discerning congressional purpose" and does not control where "there is a clear indication of contrary legislative intent." 450 U.S. at 340. Albernaz teaches that multiple punishments for related offense are constitutionally permissible where Congress intends to authorize multiple punishments. Congressional intent is discerning through statutory language, legislative history, and the Blockburger rule. The inquiry in the present case, then, must be whether Congress intended to permit consecutive sentences for Rico violations and for the underlying offenses of drug trafficking. An examination of the language of 18 U.S.C. § § 1962-1963 and 21 U.S.C. 841 and 843 sheds little light on the question of whether Congress intended to allow multiple punishments for violations of both statutes. Section 1963(a) of Rico permits courts to impose maximum penalties of $25,000 or twenty years or both for any violation of section 1962. Section 841 (b) enumerates penalties for violations of subsection (a) according to the type of controlled

substances involved in the violation. And section 843 (c) fixes the maximum penalties for violations of subsections (a) and (b) at $30,000 or four years or both. Although 18 U.S.C. § 1962 specifically refers to federal laws prohibiting drug trafficking, section 1963 gives no clue to the relationship of the penalties imposed by Rico and the drug laws. Nonetheless, each statute unambiguously imposes severe criminal penalties for violations of its terms.

An examination of congressional purpose for enacting Rico is extremely illuminating on the question of whether multiple punishments were intended. Section 1 of Public Law 91-452 provided:

> It is the purpose of this Act to seek the eradication of Organized crime in the United States by strengthening the legal tools in the evidence-gathering process, by establishing new penal prohibitions, and by providing enhanced sanctions and new remedies to deal with the unlawful activities of those engaged in organized crime.

Organized Crime Control Act of 1970, Statement of Findings and Purpose, 84 Stat. 922-923, reprinted in [1970] U.S. Code Cong. & Admin. News, p. 1073 (emphasis added). Section 904 of the same law further elaborated: "(a) The provisions of this title shall be liberally construed to effectuate its remedial purposes. (b) Nothing in

this title shall supersede any provisions of Federal .... law imposing criminal penalties .... in addition to those provided for in this title." Id.

The clear legislative intent expressed concurrently with the enactment of Rico is to permit, perhaps even to encourage, courts to impose cumulative sentences for Rico offenses and the underlying crimes. Cumulative sentences are the "enhanced sanctions" which Congress deemed necessary to treat the spreading disease of organized crime. In fact, if cumulative convictions and sentences were disallowed by courts, Congress's purpose to eradicate organized crime would be thwarted because the Rico penalties are in many cases lighter than penalties for underlying offenses. Accord United States v. Rone. 598 F. 2d 564, 572 (9th Cir. 1979) quoted for support in United States v. Boylan, 620 F. 2d 359, 361 (2nd Cir. 1980). Finally, Congress' statement that Rico "shall not supersede" other federal laws and criminal penalties compels the conclusion that Congress intended to impose multiple punishments in the present situation.

The only conclusion to be drawn from the legislative history is that Congress clearly envisioned consecutive sentences for violations of 18 U.S.C. § 1962 and 21 U.S.C. § § 841 and 843, the imposition of consecutive sentences does not violate the constitution. See Albernaz, 450 U.S. at 344; Missouri v. Hunter, 459 U.S. 359, (1983).

However, the Federal court in Florida imposed a sentencing package, part of which was <u>CSA</u> convictions. Because the Ohio <u>CSA</u> convictions share some like matters, defendants, and clearly some overlap, the sentence herein must be concurrent, to not offend the Double Jeopardy Clause.

To do otherwise also violates the Eight Amendment.

The Eight Amendment does not require a strict proportionality between the crime and sentence. Rather, it only prohibits "extreme sentences that are grossly disproportionate' to the crime." <u>Harmelin v. Michigan</u>, 501 U.S. 957, (1991) (plurality opinion); <u>United States v. Marks</u>, 209 F. 3d 577, 583 (6th Cir. 2000). The gross disproportionality principle is applicable only in the exceedingly rare and extreme case. <u>Lockyer v. Andrade</u>, 538 U.S. 63, 72 (2003). A sentence within the statutory maximum generally does not constitute cruel and unusual punishment. <u>Austin v. Jackson</u>, F. 3d 298 (6th Cir. 2000); <u>United States v. Organek</u>, F. 3d 60, 62 (6th Cir. 1995). A concurrent is required herein.

## CONCLUSION

Quare, defendant-movant James L. Wheeler pro-se, prays that this Court GRANT this motion; together with such other and further relief as the Court may deem just and proper.

Signed under the penalty of perjury this - 20 Day of August, 2014 at Terre Haute, Indiana.

*James L. Wheeler*

James L. Wheeler
Defendant, Pro Se
Terre Haute FCI
PO Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, James L. Wheeler, duly affirmed under the penalty of perjury, that on the 20 day of August 2014, I mailed a true and exact copy of this motion to the United States Attorney for the Northern District of Ohio, via First Class United States mail deposited with prison officials on said date for transmittal to the United States Attorney and the Clerk of this Court.

*James L. Wheeler*

James L. Wheeler
Defendant, Pro Se

Authorized by the Act
July 7, 1955 to Administer
Oaths (18 U.S.C. 4004)

*Case Manager*
R. Thomas

(17)