IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 3:03-CR-739 |
| | ) | |
| Plaintiff, | ) | Judge David A. Katz |
| | ) | |
| v. | ) | |
| | ) | RESPONSE IN OPPOSITION TO |
| JAMES L. "FRANK" WHEELER, | ) | MOTION TO REDUCE SENTENCE |
| | ) | UNDER 18 U.S.C. § 3582(c)(2) |
| Defendant. | ) | |

Introduction

Defendant James L. "Frank" Wheeler, has filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on an amendment to the Sentencing Guidelines effective November 1, 2011, which lowered the base offense levels applicable to cocaine base ("crack") offenses. He states that the Sentencing Commission has since lowered the applicable drug table, and his "new offense level is now 39, which when juxtaposed to a Criminal History Category VI, reveals a new sentence range." (R. 2223: § 3582 Motion). The government opposes any modification.

Statement of the Case

In 1997, the Federal Bureau of Investigation and state law enforcement agencies began an investigation into the Green region of the Outlaw Motorcycle Club ["OMC"], which consists of chapters in Dayton, Ohio; Fort Wayne, Indiana; Louisville, Kentucky; Indianapolis, Indiana; and Oklahoma City, Oklahoma. As a result of the investigation, a grand jury in the Northern District of Ohio returned a 40-count indictment in 2003 charging the defendants with various federal

offenses, including Racketeer Influenced and Corrupt Organizations Act ["RICO"], drug trafficking, and firearms offenses.

Defendant James L. "Frank" Wheeler was formerly the head of the Indianapolis chapter and Green region of the OMC.  Wheeler later served as president of the entire international OMC organization.  Wheeler was charged in Count 1 with racketeering (RICO), in violation of 18 U.S.C. § 1962(c); Count 2 with RICO conspiracy, in violation of 18 U.S.C. § 1962(d); Count 3 with drug trafficking conspiracy, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and Count 4 with conspiracy to carry or use firearms in relation to drug trafficking or in crimes of violence, in violation of 18 U.S.C. § 924(o).  On March 5, 2004, the government filed a 21 U.S.C. § 851(a) information for a sentencing enhancement based upon two prior felony drug convictions, pursuant to 21 U.S.C. § 841(b)(1)A).  (R. 916: Information).

Wheeler was found guilty on Counts 1, 2 and 3 (substantive RICO, RICO conspiracy, and conspiracy to possess with intent to distribute narcotics), with a Special Verdict as to the drug quantities of 5 kilograms or more of cocaine, and 100 kilograms but less than 1,000 kilograms of marijuana, and a Special Verdict as to Racketeering Acts committed: 1A, 12, 13, 14, & 15.  He was found not guilty of Count 4, the conspiracy to carry or use firearms during and in relation to drug trafficking or in crimes of violence.  (R. 1161: Verdict).

On January 5, 2005, Wheeler was sentenced to life imprisonment on the substantive RICO and drug conspiracy counts, to run concurrently, and to 20 years' imprisonment on the RICO conspiracy count, to run consecutively.  He filed an appeal on January 14, 2005.  (R. 1699: Notice).

On appeal, Wheeler raised two issues on appeal: first, that his indictment for the substantive RICO, RICO conspiracy, and drug conspiracy offenses violated the Double Jeopardy

2

Clause because of an earlier prosecution in Florida; and second that his sentence was improperly imposed for various reasons. The Sixth Circuit held: (1) Wheeler's subsequent prosecution in Ohio for substantive RICO and RICO conspiracy offenses violated the Double Jeopardy Clause; (2) the successive indictment for the drug conspiracy did not constitute a double jeopardy violation; (3) the overlap between conspirators and time periods charged for each drug conspiracy did not constitute a double jeopardy violation as to the subsequent indictment; and (4) any Booker, Sixth Amendment, or reasonableness error in sentencing Wheeler was harmless. Thus the appellate court reversed Wheeler's convictions and sentences for the substantive RICO and RICO conspiracy offenses, and affirmed Wheeler's conviction and sentence for the drug conspiracy. United States v. Wheeler, 535 F.3d 446 (6th Cir. 2008). The U.S. Supreme Court denied Wheeler's petition for a writ of certiorari on April 20, 2009. Wheeler v. United States, 129 S. Ct. 2030, 173 L.Ed.2d 1117 (2009).

On April 20, 2010, Wheeler filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (See R. 2123: § 2255 Motion, Criminal Case No. 3:03-CR-739; see also Civil Case No. 3:10-CV-821). Wheeler raised three claims of ineffective assistance, relating to his claim that the Ohio drug trafficking conspiracy indictment violated the Double Jeopardy Clause because the conspiracy overlapped an earlier drug conspiracy indictment brought in Florida, and that the predicate felony convictions relied upon to enhance his sentence to life imprisonment were improperly applied.

This Court denied the motion on July 26, 2010. (R. 2155: Mem. Op.). First, it held that Wheeler was unable to demonstrate either error or prejudice in his first claim of ineffective assistance of counsel regarding double jeopardy and the separate conspiracies in Florida and Ohio. Second, it found no evidence that Wheeler was prejudiced by a "spillover effect" for

being joined with RICO defendants.  Third, the Court held that the life sentence it imposed was *not* the result of the 21 U.S.C. § 851 information the government filed to enhance his sentence.  It wrote, "Instead of applying a statutory limit to determine Wheeler's sentence, this Court relied upon the U.S. Sentencing Guidelines and 18 U.S.C. § 8553(a) factors."  (Id. at p. 6).  The opinion continued, "this Court determined that Wheeler's guideline range for a criminal offense level of 41 and criminal history category VI corresponded to a sentencing range of 360 months to life.  This Judge imposed a sentence of life imprisonment which while at the high end of the range, is within Wheeler's range under the Sentencing Guidelines."  (Id. at p. 7).  Thus, the Court found no validity to the final claim of ineffective assistance of counsel.  (Id.).

Now, Wheeler has filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), citing the Sentencing Guideline amended drug table.  (R. 2223: § 3582 Motion).

Statement of the Law

A district court may, upon a motion for modification, reduce a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(2).  The Court's authority under § 3582(c)(2) is precise.  Section 3582(c)(2) provides in pertinent part:

> (c) The court may *not modify* a term of imprisonment once it has been imposed except that—
>
> \* \* \*
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).  Under U.S. Sentencing Guideline § 1B1.10, certain

listed amendments to the Guidelines are to be given retroactive effect, and a defendant may seek a reduction in his sentence because of a retroactive amendment under § 3582(c). Guideline § 1B1.10(c) sets forth those amendments to the guidelines that are to be applied retroactively for purposes of 18 U.S.C. § 3582(c)(2). Guideline § 1B1.10(a) explicitly provides that retroactive application of any guideline *other* than those listed in § 1B1.10(c), is not consistent with the policy statement. Thus, modification of sentence due to amended guidelines as implemented by § 1B1.10 of the guidelines, offers a limited opportunity for a defendant to seek a modification of his sentence where a guideline that was used to determine his range has since been amended.

The Commission lists in Guideline § 1B1.10(c) the specific guideline amendments that the Court may apply retroactively under 18 U.S.C. § 3582(c)(2). Wheeler does not state which Guideline amendment he bases the present motion. Amendment 750, which lowered the base offense levels for crack cocaine offenses, is among those listed in § 1B1.10(c). Amendment 782 will revise the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduce by two levels the offense level applicable to many drug trafficking offenses. However, this reduction will not become effective until November 1, 2014. Defendants sentenced before then may not seek a reduction until that date, and if granted, the reduction will not take effect until November 1, 2015.

Discussion

Wheeler's instant motion should be denied for the following reasons.

**1.      Wheeler's sentence for narcotics conspiracy was not based upon "crack" cocaine.**

First, Wheeler's motion should be denied for the simple reason that his case did not involve cocaine base ("crack"), and he was not sentenced pursuant to the portions of Guideline § 2D1.1, altered by Amendment 750. As stated above, the defendant's offense involved powder cocaine and marijuana, *not crack*, and there has been no change to the guidelines applicable in

5

this case.  Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  See Dillon v. United States, 130 S. Ct. 2683, 2691 (2010).  The Sentencing Commission's policy statements and its "exclusions" are clear and must be respected: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant."  Guideline § 1B1.10(a)(2).  See also id. app. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guidelines range.").

Because Amendment 750 and all other amendments listed in § 1B1.10(c) are inapplicable to Wheeler, his motion should be summarily denied.  See, e.g., United States v. Lee, 2008 WL 2403726 (5th Cir. 2008) (unpublished); United States v. Hall, 2008 WL 5378027 (7th Cir. 2008) (unpublished); United States v. Mendoza, 2008 WL 2445986 (8th Cir. 2008) (unpublished); United States v. Harper, 2008 WL 2514170 (10th Cir. 2008) (unpublished); United States v. Terrell, 2009 WL 294355 (10th Cir. 2009) (unpublished); United States v. Jacob, 2009 WL 291872 (11th Cir. 2009) (unpublished).

  **2.**  **Wheeler's adjusted Sentencing Guideline range was not altered.**

The second reason why this § 3582(c)(2) motion should be denied is found in the Court's statement when it denied Wheeler's § 2255 motion on July 26, 2010.  It stated, "this Court determined that Wheeler's guideline range for a criminal offense level of 41 and criminal history category VI corresponded to a sentencing range of 360 months to life.  This Judge imposed a sentence of life imprisonment which while at the high end of the range, is within Wheeler's range under the Sentencing Guidelines."  (R. 2155: Memo. Op.).

6

Even if Wheeler's sentence involved crack cocaine, and his criminal offense level was reduced by two levels, Wheeler's adjusted criminal offense level would result in a level 39, and a criminal history category VI.  The revised Sentencing Guideline range would remain at "360 months to life."  The amendment does not have the effect of lowering the defendant's guideline range.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  See Dillon, 130 S. Ct. at 2691-92.  In Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, makes clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does *not* result in lowering the applicable sentencing range for the defendant.  Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does *not* have the effect of lowering the defendant's applicable guideline range."  Guideline § 1B1.10 (a)(2)(B) (Nov. 1, 2011) (emphasis added).

Accordingly, even if the retroactive reduction for sentences involving crack cocaine were applicable here – which it is not – the two-level reduction will not change the Sentencing Guideline range for an offense level 39, Criminal History VI, because it remains 360 months to life.  This Court has previously expressed its decision to impose a life sentence when considering the 360 month-to-life Sentencing Guideline range for this defendant.

**3.     Wheeler Seeks to Raise Other Sentencing Issues.**

The defendant's motion improperly seeks to employ § 3582(c)(2) to raise sentencing issues unrelated to application of Guideline § 2D1.1 to crack offenses.

Specifically, Wheeler contends that his disciplinary record, the successful completion of court-mandated treatment and rehabilitative programs, and his voluntary enrollment in Adult Continuing Education courses should qualify him to be sentenced at the low end of the revised guideline range.  (R. 2223: § 3582 Motion, p. 6-7).  In addition, he asks this Court to consider imposing its sentence to run concurrent, rather than consecutive, to his Florida sentence.  (Id., pp. 8-15).  This portion of the defendant's motion is impermissible.  As noted above, 18 U.S.C. § 3582(c)(2) permits a sentencing court to reduce a defendant's sentence only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  In its applicable policy statement, the Sentencing Commission explicitly directs that "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*" (emphasis added).

In Dillon v. United States, 130 S. Ct. 2683 (2010), the Supreme Court held that the limitation imposed by the Sentencing Commission must be respected.  There, the defendant, besides seeking application of the revised crack guideline, contended that the district court had miscalculated the criminal history category.  The Supreme Court stated:

> *§ 3582(c)(2) does not authorize a resentencing*.  Instead, it permits a sentence reduction within the narrow bounds established by the Commission. The relevant policy statement instructs that a court proceeding under § 3582(c)(2) "shall substitute" the amended Guidelines range for the initial range "and shall leave all

8

>other guideline application decisions unaffected." § 1B1.10(b)(1). Because the aspects of his sentence that Dillon seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them.

Dillon, 130 S. Ct. at 2694 (emphasis added). Wheeler's effort to litigate sentencing issues apart from the application of the 2D1.1 offense level must be rejected.

The power afforded in Section 3582(c)(2) is limited, and that limit must be respected. See Braxton v. United States, 500 U.S. 344, 348 (1991) ("In addition to the *duty* to review and revise the Guidelines, Congress has granted the Commission the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u). This power has been implemented in Section 1B1.10, which sets forth the amendments that justify sentence reduction.") (emphasis in original). The Third Circuit explained:

>It is, thus, clear that only the retroactive amendment is to be considered at a resentencing under § 3582 and the applicability of that retroactive amendment must be determined in light of the circumstances existent *at the time sentence was originally imposed*. In other words, the retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of the original sentence are applied.

United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002)(emphasis added). McBride rejected an effort to invoke the new constitutional rule of Apprendi v. New Jersey, 530 U.S. 466 (2000). McBride held that, consistent with the limited relief afforded by § 3582(c)(2) and §1B1.10, the district court could impose a sentence within a reduced guideline range regardless of whether that sentence violated Apprendi. McBride, 283 F.3d at 615-16.

All other courts have acted consistently in rejecting any claims made under § 3582(c)(2) other than those seeking application of a retroactive guideline amendment. See, e.g., United States v. Jordan, 162 F.3d 1 (1st Cir. 1998) (when reducing a sentence based on a retroactive

9

amendment, the court does not have authority to grant a departure on any other ground, including the provision in Section 5K2.0 for departures in extraordinary cases); Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007) (Section 3582(c)(2) motion may not be employed to present claim under Booker); United States v. Carter, 500 F.3d 486, 490-91 (6th Cir. 2007) (same); United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001) (Section 3582(c)(2) motion may not be employed to present claim under Apprendi); United States v. Lloyd, 398 F.3d 978, 979-80 (7th Cir. 2005) (claims that district judge miscalculated the defendant's relevant conduct, and that the CCE statute was improperly applied, were cognizable only under Section 2255, and the § 3582(c)(2) motion was therefore properly dismissed); United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006) (§ 3582(c)(2) motion may not be employed to present claim under Booker); United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (district court was correct to deny Eighth Amendment claim; "Section 3582(c), under which this sentencing hearing was held, does not grant to the court jurisdiction to consider extraneous resentencing issues such as this one.  Bravo must instead bring such a collateral attack on his sentence under 28 U.S.C. § 2255."); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (§ 3582(c)(2) motion may not be employed to present claim under Booker).

Accordingly, Wheeler's claims that the court should consider his post-conviction efforts at rehabilitation as 18 U.S.C. § 3553(a) sentencing factors, and also order his sentence to run concurrent to his Florida sentence, must be summarily denied, because § 3582(c) does not authorize a resentencing, but only a substitution of the modified Guideline, retroactive to the circumstances that existed at the time of the original sentencing.

### 4. **Wheeler Received a Mandatory Life Sentence.**

The Sixth Circuit affirmed Wheeler's life sentence for the drug conspiracy on direct

10

appeal.  It noted, "In his brief, Wheeler does not contest the imposition of the mandatory life sentence under § 841(b)(1)(A), or that he had two qualifying prior felony drug convictions." United States v. Wheeler, 535 F.3d 446, 458 (6th Cir. 2008).  Because the Sixth Circuit affirmed Wheeler's mandatory life sentence based upon the § 841 statute, he is not entitled to a reduction under any Sentencing Guideline amendment.  Simply stated, where the Guidelines and a statute conflict, the statute (an act of Congress) controls.  See U.S.S.G. § 5G1.1(b).

**5.     Amendment No. 782 is Not Effective until November 1, 2014, and Does Not Apply.**

Finally, it is unclear if Wheeler has filed the instant § 3582(c)(2) motion for modification of his sentence under Guideline Amendment 782, because he does not specify which Amendment supports the present motion.  Amendment 782 would reduce by two levels the offense levels in U.S.S.G. § 2D1.1(c)'s Drug Quantity Table.  This Court lacks authority to reduce a sentence at this time on the basis of Amendment 782, as that amendment is not yet effective.  The amendment will become effective on November 1, 2014.  Even then, no defendant may be released on the basis of the retroactive amendment before November 1, 2015.[1]

In any case, a two-level reduction will not alter or reduce Wheeler's sentencing guideline range, which remains at 360 months to life.  See Subsection 2, page 7, supra.

### Conclusion

Because the retroactive reduction of the Sentencing Guideline table for offenses involving crack cocaine do not apply, and Amendment 782 is not yet effective, and even if

---

[1] On July 18, 2014, the Sentencing Commission promulgated a proposed amendment that makes Amendment 782 retroactive but delays until November 1, 2015 the effective date for orders reducing prison terms based on Amendment 782. *See* United States Sentencing Commission, Amendment to the Sentencing Guidelines (Preliminary) (July 18, 2014), http:// www.ussc.gov/ sites/default/files/pdf/amendmentprocess/reader-friendly-amendments/20140718_RFP_ Amendments_Retroactivity.pdf.

11

Amendment 782 were applicable, it would not reduce Wheeler's sentencing range, the government respectfully asks this Court to deny Wheeler's 18 U.S.C. § 3582(c)(2) motion to modify his sentence.

>Respectfully submitted,
>
>STEVEN M. DETTELBACH
>UNITED STATES ATTORNEY
>
> /s/ Ava R. Dustin
>Ava R. Dustin
>Assistant United States Attorney
>Reg. No. 0059765
>Four Seagate, Suite 308
>Toledo, Ohio 43604
>(419) 259-6376
>Fax: (419) 259-6360
>E-mail:  Ava.Rotell.Dustin@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September  15 , 2014, the foregoing Response in Opposition to 18 U.S.C. § 3582(c) Motion to Reduce Sentence was filed electronically.  In addition, a copy of this motion was sent on this date by First Class Mail to:

James L. "Frank" Wheeler, *pro se*
Reg. No. 01227-017
FCI Terre Haute
P.O. Box 33
Terre Haute, IN  47808

>/s/ Ava R. Dustin
>Ava R. Dustin
>Assistant United States Attorney