IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES L. "FRANK" WHEELER, pro se,

        Defendant/Petitioner,        Case No. 3:03 CR 739

  -vs-

UNITED STATES OF AMERICA,        MEMORANDUM OPINION
                                                      AND ORDER

        Plaintiff/Respondent.

KATZ, J.

Petitioner, James L. "Frank" Wheeler, has filed a motion under 18 U.S.C. § 3582(c)(2) to modify or reduce sentence. The Government has filed a response in opposition and the matter is now ripe for a ruling. For the reasons stated below, Petitioner's motion will be dismissed.

Petitioner was formerly the head of the Indianapolis chapter and Green region of the Outlaw Motorcycle Club ("OMC"). After a six year investigation into the Green region of the OMC, a grand jury in the Northern District of Ohio returned a 40-count indictment in 2003 charging Petitioner and other defendants with various federal offenses.

The facts pertaining this matter are set forth under the statement of the case in the Government's opposition. Briefly, Petitioner was charged in Count 1 with racketeering (RICO), in violation of 18 U.S.C. § 1962(c); Count 2 with RICO conspiracy, in violation of 18 U.S.C. § 1962(d); Count 3 with drug trafficking conspiracy, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and Count 4 with conspiracy to carry or use firearms in relation to drug trafficking or in crimes of violence, in violation of 18 U.S.C. § 924(o). On March 5, 2004, the Government filed a 21 U.S.C. § 851(a) information for a sentencing enhancement based upon two prior felony drug convictions, pursuant to 21 U.S.C. § 841(b)(1)A).

After a jury trial, Petitioner was found guilty on Counts 1, 2 and 3 (substantive RICO, RICO conspiracy, and conspiracy to possess with intent to distribute narcotics), with a Special Verdict as to the drug quantities of 5 kilograms or more of cocaine, and 100 kilograms but less than 1,000 kilograms of marijuana, and a Special Verdict as to Racketeering Acts committed: 1A, 12, 13, 14, & 15.  He was found not guilty of Count 4, the conspiracy to carry or use firearms during and in relation to drug trafficking or in crimes of violence.

He was sentenced to life imprisonment on the substantive RICO and drug conspiracy counts, to run concurrently, and to 20 years' imprisonment on the RICO conspiracy count, to run consecutively.  On appeal to the Sixth Circuit Court of Appeals, Petitioner argued: (1)  that his indictment for the substantive RICO, RICO conspiracy, and drug conspiracy offenses violated the Double Jeopardy Clause because of an earlier prosecution in Florida; and (2) that his sentence was improperly imposed for various reasons.

The Sixth Circuit held:  (1) Petitioner's subsequent prosecution in Ohio for substantive RICO and RICO conspiracy offenses violated the Double Jeopardy Clause; (2) the successive indictment for the drug conspiracy did not constitute a double jeopardy violation; (3) the overlap between conspirators and time periods charged for each drug conspiracy did not constitute a double jeopardy violation as to the subsequent indictment; and (4) any *Booker*, Sixth Amendment, or reasonableness error in sentencing Wheeler was harmless.  Thus the appellate court reversed Petitioner's convictions and sentences for the substantive RICO and RICO conspiracy offenses, and affirmed Petitioner's conviction and sentence for the drug conspiracy. *United States v. Wheeler*, 535 F.3d 446 (6th Cir. 2008).  The U.S. Supreme Court denied Petitioner's petition for a writ of certiorari on April 20, 2009.  *Wheeler v. United States*, 129 S.

Ct. 2030, 173 L.Ed.2d 1117 (2009).

Wheeler filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on April 20, 2010. The motion was denied.

The instant motion was filed on August 25, 2014, in which Petitioner argues his sentence should be reduced because "[t]he Sentencing Commission lowered the offense level in the drug table by two levels." (Doc. No. 2223 at 6). While Petitioner does not specifically state which amendment to the Sentencing Guideline applies to his motion, it appears two amendments could arguably apply. Amendment 750 to the Sentencing Guidelines, effective November 1, 2011, lowered the base offense levels applicable to cocaine base ("crack") offenses. Amendment 782, effective November 1, 2014, will revise the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduce by two levels the offense level applicable to many drug trafficking offenses.

The United States Sentencing Commission ("Commission") lists in Section 1(B)(1).10(c) specific guideline amendments which a court may apply retroactively under 18 U.S.C. § 3582(c)(2). Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). Guideline Section 1B1.10(a) explicitly provides that retroactive application of any guideline other than those listed in Subsection (c) is not consistent with the Sentencing Commission's policy statement.

Amendment 750 lowered the base offense levels for crack cocaine offenses. Petitioner's offense involved powder cocaine and marijuana. Therefore, Petitioner's motion is denied with respect to Amendment 750 because his case did not involve cocaine base, or crack, and he was

3

not sentenced to those portions of Guideline § 2D1.1 altered by Amendment 750.

Amendment 782 is not effective until November 1, 2014; therefore, it is not ripe for applicability at this time. In any event, Amendment 782 would not alter Petitioner's sentencing guideline range. As the Government notes, the Court determined Petitioner's guideline range for a criminal offense level of 41 and a criminal history category VI corresponded to a sentencing range of 360 months to life, which is within Petitioner's range under the Sentencing Guidelines. If Petitioner's criminal offense level was reduced by two levels, his adjusted criminal offense level would result in a level 39 and a criminal history category level VI. This revised sentencing range would remain at 360 months to life. Therefore, even if his criminal offense level was reduced by two levels, the amendment has no effect on lowering Petitioner's guideline range. In Section 1B1.10, the Commission makes clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for a defendant. Guideline § 1B1.10 (a)(2)(B) (Nov. 1, 2011).

Finally, Petitioner argues his disciplinary record, completion of court-mandated treatment and rehabilitative programs, and voluntary enrollment in Adult Continuing Education courses should qualify him to be sentenced at the low end of the revised guideline range. (Doc. 2223 at 6-7). He also asks the Court to consider running his current sentence concurrent to his Florida sentence. However, § 3582(c)(2) permits a sentencing court to reduce a defendant's sentence only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." As the Government notes, § 3582(c)(2) reductions only apply to amendments for the corresponding guideline provisions that applied to the defendant when sentenced, and leaves all other guideline application decisions unaffected. As explained, the

amendments to the Sentencing Guidelines which Petitioner ostensibly references in support of his motion do not apply to his sentence. Moreover, § 3582(c)(2) does not authorize resentencing. Therefore, Petitioner's requests for a sentence reduction based on post-conviction efforts, construed as 18 U.S.C. §3553(a) sentencing factors, and to run his sentence concurrent to his Florida sentence are denied.

Accordingly, the Court has no jurisdiction to provide the relief Petitioner seeks. For the foregoing reasons, the motion of the Petitioner to modify or reduce sentence is denied.

IT IS SO ORDERED.

                                                     s/ *David A. Katz*
                                                    DAVID A. KATZ
                                                    U. S. DISTRICT JUDGE