IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 3:03-CR-00739 |
| ) | |
| Plaintiff, ) | JUDGE JAMES G. CARR |
| ) | |
| v. ) | |
| ) | RESPONSE IN OPPOSITION TO FIRST |
| JAMES "FRANK" WHEELER, *pro se*, ) | STEP ACT MOTION FOR REDUCTION |
| ) | IN SENTENCE |
| Defendant. ) | |

Wheeler has filed a motion for compassionate release based on extraordinary and compelling grounds with this Court on March 26, 2020, as allowed under the First Step Act of 2018. He further asks for assignment of counsel. (R. 2278: Mot., PageID 7301-38). The government now responds in opposition.

Statement of the Case

In 1997, the FBI and state law enforcement agencies began an investigation into the Green region of the Outlaw Motorcycle Club ["OMC"], which consists of chapters in Dayton, Ohio; Fort Wayne, Indiana; Louisville, Kentucky; Indianapolis, Indiana; and Oklahoma City, Oklahoma. The investigation lead a grand jury in the Northern District of Ohio to return a 40-count indictment in 2003 charging the defendants with various federal offenses, including Racketeer Influenced and Corrupt Organizations Act ["RICO"], drug trafficking, and firearms offenses.

Wheeler was formerly the head of the Indianapolis chapter and Green region of the OMC. Wheeler later served as president of the entire international OMC organization. Wheeler was charged in Count 1 with racketeering (RICO), in violation of 18 U.S.C. § 1962(c); Count 2

with RICO conspiracy, in violation of 18 U.S.C. § 1962(d); Count 3 with drug trafficking conspiracy, in violation of 21 U.S.C. § § 841(a)(1) and 846; and Count 4 with conspiracy to carry or use firearms in relation to drug trafficking or crimes of violence, in violation of 18 U.S.C. § 924(o).  On March 5, 2004, the government filed a 21 U.S.C. § 851(a) information for a sentencing enhancement based upon two prior felony drug convictions, pursuant to 21 U.S.C. § 841(b)(1)A).  (R. 916 Information).

Wheeler was found guilty on Counts 1, 2 and 3 (substantive RICO, RICO conspiracy, and conspiracy to possess with intent to distribute narcotics), with a Special Verdict as to the drug quantities of 5 kilograms or more of cocaine, and 100 kilograms but less than 1000 kilograms of marijuana, and a Special Verdict as to Racketeering Acts committed: 1A, 12, 13, 14, & 15.  He was found not guilty of Count 4, the conspiracy to carry or use firearms during and in relation to drug trafficking or in crimes of violence. (R. 1161: Verdict).

On January 5, 2005, Wheeler was sentenced to life imprisonment on the substantive RICO and drug conspiracy counts, to run concurrently, and to 20 years' imprisonment on the RICO conspiracy count, to run consecutively.  He appealed, raising two issues:  first, that his indictment for the substantive RICO, RICO conspiracy, and drug conspiracy offenses violated the Double Jeopardy Clause because of an earlier prosecution in Florida; and second that his sentence was improperly imposed for various reasons.

The Sixth Circuit held: (1) Wheeler's subsequent prosecution in Ohio for substantive RICO and RICO conspiracy offenses violated the Double Jeopardy Clause; (2) the successive indictment for the drug conspiracy did not constitute a double jeopardy violation; (3) the overlap between conspirators and time periods charged for each drug conspiracy did not constitute a double jeopardy violation as to the subsequent indictment; and (4) any Booker, Sixth Amendment, or reasonableness error in sentencing Wheeler was harmless.  Thus the appellate

2

court reversed Wheeler's convictions and sentences for the substantive RICO and RICO conspiracy offenses, and affirmed Wheeler's conviction and sentence for the drug conspiracy. United States v. Wheeler, 535 F.3d 446 (6th Cir. 2008). The U.S. Supreme Court denied Wheeler's petition for a writ of certiorari on April 20, 2009. Wheeler v. United States, 129 S. Ct. 2030 (2009).

On April 20, 2010, Wheeler filed an initial motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (R. 2123: § 2255 Motion, PageID 4143-77). He raised three claims of ineffective assistance relating to his claim that the Ohio drug trafficking conspiracy indictment violated the Double Jeopardy Clause because the conspiracy overlapped an earlier drug conspiracy indictment brought in Florida, that counsel failed to bring the motion to dismiss those charges before trial rather than after trial, and that the predicate felony convictions relied upon to enhance his sentence to life imprisonment were improperly applied.

The district court denied the motion on July 26, 2010. (R. 2155: Mem. Op., PageID 4433-39). First, it held that Wheeler was unable to demonstrate either error or prejudice in his first claim of ineffective assistance of counsel regarding double jeopardy and the separate conspiracies charged in Florida and Ohio. Second, it found no evidence that Wheeler was prejudiced by a "spillover effect" for being joined with RICO defendants. Third, the court held that the life sentence it imposed was *not* the result of the 21 U.S.C. § 851 information the government filed to enhance his sentence. It wrote, "Instead of applying a statutory limit to determine Wheeler's sentence, this Court relied upon the U.S. Sentencing Guidelines and 18 U.S.C. § 3553(a) factors." (R. 2155: Mem. Op., PageID 4438). The opinion continued:

> Finally, this Court determined that Wheeler's guideline range for a criminal offense level of 41 and criminal history category VI corresponded to a sentencing range of 360 months to life. This Judge imposed a sentence of life imprisonment which while at the high end of the range, is within Wheeler's range under the Sentencing Guidelines.

3

(Id., PageID 4439).  Thus, the court found "no validity to the final claim of ineffective assistance of counsel."  (Id.).

Wheeler appealed the denial of his § 2255 motion, but the Sixth Circuit denied him a certificate of appealability.  Wheeler v. United States, No. 10-3929 (6th Cir. May 27, 2011) (unpublished).

On August 25, 2014, Wheeler filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), citing the Sentencing Guideline amended drug table, but neglecting to specify which amended Guideline applied.  (R. 2223: § 3582 Motion, Page ID 7092-107).  The district court denied the § 3582(c)(2) motion to reduce sentence on October 16, 2014.  (R. 2227: Mem. Op. and Order, PageID 7132-36).

Wheeler timely appealed the denial of his § 3582(c)(2) motion on October 29, 2014.  On January 11, 2016, the Sixth Circuit affirmed the district court's order denying Wheeler's motion.  This Court found that he was not eligible for a sentence reduction under § 3582(c)(2) because first, his applicable guideline range was not lowered as a result of Amendment 782; second, that a § 3582(c)(2) motion is limited to correcting only the aspects of a defendant's sentence affected by the guideline amendment and does not authorize a full resentencing; and third, that the district court did not err in denying Wheeler's motion without considering his untimely reply.  United States v. Wheeler, No. 14-4117, Doc. 23: Order (6th Cir. 2016) (unpublished).

On March 19, 2019, Wheeler filed an application for a second or successive 28 U.S.C. § 2255 motion.  He claimed he told counsel to file a motion to dismiss Counts 1 and 2 on double jeopardy grounds before trial commenced.  Instead, counsel filed the motion prior to trial, but asked the court to defer consideration until after the trial concluded.  The Sixth Circuit held that Wheeler did not make a prima facie showing that his application for a successive § 2255 motion relied on either: (1) "newly discovered evidence that, if proven and viewed in light of the

evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the [prisoner] guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The case Wheeler cited, McCoy v. Louisiana, 138 S. Ct. 1500 (2018), addressed a trial attorney's admission of the defendant's guilt over the defendant's express wishes. That is not what Wheeler claimed happened here. His claim related to the *timing* of the motion to dismiss two of the charges against him. Further, the Court held that Wheeler had not pointed to any Supreme Court decision declaring that McCoy applied retroactively to cases on collateral review. Therefore, it denied his application for a second or successive § 2255 motion. In re: James L. Wheeler, No. 19-3217 (6th Cir. Oct. 15, 2019) (unpublished).

Now, on March 26, 2020, Wheeler filed a motion for compassionate release based on extraordinary and compelling grounds under the First Step Act of 2018, and asks for the assignment of counsel. (R. 2278: Mot., PageID 7301-38).

Statement of the Law

On December 21, 2018, the First Step Act was signed into law. First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. The drug trafficking statute, 21 U.S.C. § 841(b), imposes varying statutory maximum sentences, and some mandatory minimum sentences, depending on the type and quantity of a controlled substance involved in the offense. Higher mandatory minimum penalties apply if the defendant has a prior conviction for a "serious drug felony" or for a "serious violent felony" and the prosecution files a notice of enhancement under 21 U.S.C. § 851. Previously, in part, a mandatory minimum penalty under 21 U.S.C. § 841(b)(1)(A) and (B) was increased if the defendant had a prior conviction for a "felony drug offense."

The First Step Act not only reduced the mandatory minimum penalties, but also changed the conditions under which they apply. The defendant's prior convictions must meet the new

definitions of "serious drug felony" or "serious violent felony." The difference between a "felony drug" conviction and a "*serious* felony drug" conviction is, the defendant must have served a term of imprisonment of more than 12 months on the prior offense and must have been released within 15 years of the current federal offense. In addition, for any "serious drug felony" or a "serious violent felony" based on 18 U.S.C. § 3559(c)(2), the offense must have been punishable by a term of imprisonment of 10 years or more.

However, the First Step Act provided that these changes shall apply to any offense that was committed before the date of enactment of the Act, but only if the defendant has not been sentenced *before* date of the Act, that is, December 21, 2018. See Section 401(c), which states: "APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."

Argument

Wheeler is ineligible for First Step Act relief. The government filed a 21 U.S.C. § 851(a)(1) information on March 5, 2004. It informed the Court that Wheeler was convicted of felony possession of marijuana in Indiana on or about October 13, 1972. It further detailed that Wheeler had been convicted of felony possession of LSD in Indiana on that same date. (R. 916: Enhancement, PageID N/A). Wheeler was originally sentenced on January 5, 2005. (R. 1684: Jmt., PageID N/A). An amended judgment was issued on June 19, 2009, reflecting the Sixth Circuit's dismissal of Counts 1 and 2. (R. 2070: Amended Jmt, PageID 4333-34.).

Now, citing the First Step Act, Wheeler seeks a Reduction in Sentence ("RIS"). He alleges that to serve as an enhancement under 21 U.S.C. § 851, his prior conviction must now be for a "serious drug felony." To qualify for a RIS, Wheeler argues that the prior conviction must have been served within 15 years of the instant offense, and the conviction must have allowed

for a sentence of 10 years or more. He states that the prior 1972 conviction relied upon to seek the life sentence is no longer viable or allowed. (R. 2278: First Step Mot., PageID 7307). Thus, he seeks relief under the First Step Act on these "extraordinary and compelling" grounds. (Id.).

Wheeler is ineligible for relief for the following reasons. First, under Section 401 of the First Step Act the changes made regarding the new definition of a prior "serious drug" felony are not retroactive. Only those defendants who committed their offense prior to December 21, 2018, but who were not sentenced until *after* December 21, 2018, are entitled to consideration for a reduced sentence. Because Wheeler was sentenced in 2009, nine years before the enactment of the First Step Act, the narrower definition of "serious drug" felony does not apply to him.

Second, the District Court held that the life sentence it imposed was *not* the result of the 21 U.S.C. § 851 information the government filed to enhance his sentence. It wrote on July 26, 2010, "Instead of applying a statutory limit to determine Wheeler's sentence, this Court relied upon the U.S. Sentencing Guidelines and 18 U.S.C. § 3553(a) factors." (R. 2155: Mem. Op. denying § 2255 Mot., PageID 4438). Accordingly, any alterations to the definitions of Wheeler's prior drug convictions, and whether they would still qualify as predicate offenses for an enhanced sentence as set forth in a 21 U.S.C. § 851 information, are irrelevant. The Court did not base Wheeler's life sentence upon the statutory limits, but rather on the Sentencing Guidelines and the § 3553(a) sentencing factors.

Finally, although Wheeler uses the phrase "compassionate release" and attaches copies of his medical records to his pending motion, (R. 2278-1: Exhibits, PageID 7320-38), he makes no showing that he is currently suffering from serious health conditions. This motion is actually a request for a Reduction In Sentence, based upon the First Step Act's change in the definitions for predicate offenses. His argument that his prior drug convictions were the basis for his life sentence is without merit. As the government has shown, the First Step Act definitional changes

regarding prior felony drug convictions are not retroactive to a defendant who was sentenced prior to December 21, 2018.

## Conclusion

For all the foregoing reasons, the government respectfully asks this Court to deny Wheeler's Motion for Compassionate Release based upon the First Step Act of 2018.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ Ava R. Dustin
        Ava R. Dustin (OH: 0059765)
        Assistant United States Attorney
        Four Seagate, Suite 308
        Toledo, OH 43604
        (419) 259-6376
        (419) 259-6360 (facsimile)
        Ava.Rotell.Dustin@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this __3rd__ day of April, 2020, a copy of the foregoing document was filed electronically. Parties may access this filing through the Court's system. In addition, a hard copy was mailed this day to:

James L. Wheeler, *pro se*
Reg. No. 01227-017
F.C.I. Terre Haute
P.O. Box 33
Terre Haute, IN  47808

        /s/   Ava R. Dustin
        Ava R. Dustin
        Assistant U.S. Attorney