IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 3:03-CR-00739 |
| | ) | |
| Plaintiff, | ) | Judge James G. Carr |
| | ) | |
| v. | ) | Government's Supplemental Response in |
| | ) | Opposition to Defendant's Supplemental |
| JAMES LEE "FRANK" WHEELER, | ) | Motion Raising COVID-19 to Support First |
| | ) | Step Act Motion for Compassionate Release |
| Defendant. | ) | or a Reduction In Sentence |

Wheeler filed a *pro se* motion for compassionate release based on extraordinary and compelling grounds with this Court on March 26, 2020, as allowed under the First Step Act of 2018. He further asked for assignment of counsel. (R. 2278: Mot for Compassionate Rel., PageID 7301-38). The government responded in opposition, explaining that Wheeler was ineligible for First Step Act relief because the issue he raised was not retroactive earlier than the effective date of the Act, that is, December 21, 2018. (R. 2279: Resp. in Opp., PageID 7340-47).

On April 14, 2020, this Court appointed the Federal Public Defender's Office to file a position paper regarding Wheeler's motion. On May 5, 2020, counsel supplemented Wheeler's *pro se* motion, and added a new claim that the coronavirus pandemic, COVID-19, supports Wheeler's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (R. 2281: Suppl., PageID 7349-7377). The supplement contained various exhibits in support. (R. 2281: Exhibits A through E, PageID 7378-7469). The government files this supplemental response in opposition.

The government incorporates by reference the Statement of the Case and the Statement of the Law set forth in its original response. (R. 2279: Resp. in Opp., PageID 7340-45). It now adds or reiterates the following pertinent law.

Argument

In the government's original response, it only addressed Wheeler's motion for a reduction of sentence based on the First Step Act's revision of the definition of prior drug felony versus prior "serious" drug felony under 21 U.S.C. § 851. Because that portion of the First Step Act was not retroactive, Wheeler was not eligible for relief. Accordingly, the government did not discuss the 18 U.S.C. § 3553(a) sentencing factors, Wheeler's medical issues, and whether he poses a danger to the community if released.

Now, defense counsel has added the COVID-19 issue, including Wheeler's medical condition, to Wheeler's original motion, thus converting a motion for Reduction-In-Sentence into a motion for Compassionate Release. The government states that Wheeler is procedurally barred from raising this issue before the Court.

A.  WHEELER HAS NOT EXHAUSTED HIS ADMINISTRATIVE REMEDIES

Before 2018, only the Bureau of Prisons ("BOP") could move for compassionate release. Since the First Step Act of 2018, inmates may now move for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Such motions, however, may be filed only after first requesting that the Bureau of Prisons seek compassionate release on their behalf and then having the Bureau deny that request or waiting 30 days with no action from the Bureau. As noted in the amended statute:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > **(i)** extraordinary and compelling reasons warrant such a reduction; or
>
> > . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .
>
> 18 U.S.C. § 3582.

The requirement that a defendant either exhaust administrative appeals or wait 30 days after presenting a request to the warden before seeking judicial relief is mandatory. The Third Circuit recently confirmed: where 30 days have not passed following presentation of a request to a warden, the statute "presents a glaring roadblock foreclosing compassionate release at this point." United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). Other courts in this district have held similarly. See United States v. Mason, No. 3:17CR402 (N.D. Ohio 4/23/20); United States v. Miller, No. 3:07CR569 (N.D. Ohio 4/29/20); United States v. Ridgeway, No. 3:18CR25 (N.D. Ohio 5/5/20); United States v. Slates, No. 3:18CR296 (N.D. Ohio 4/15/20); United States v. Wilson, No. 3:10CR365 (N.D. Ohio 4/30/20).

Wheeler does not clearly state in his supplemental motion whether he has asked the Bureau of Prisons to reduce his sentence on the basis of COVID-19. He originally applied to the warden for compassionate release on December 16, 2019, and was denied on January 14, 2020. Wheeler stated that he timely filed a request for formal administrative remedy on January 16, 2020, and the BOP notified him on March 9, 2020, that it would not answer his request. (R.

3

2278: Mot., PageID 7308). Accordingly, Wheeler exhausted his administrative remedies for Compassionate Release/Reduction in Sentence (id., PageID 7332-33) before seeking judicial relief on the basis of the First Step Act, § 401, which amended the definition of a prior felony drug or prior "serious" felony drug conviction under 18 U.S.C. § 924(c), and whether the 21 U.S.C. § 851 information filed in his case enhancing his sentence remains valid.

However, Wheeler's original First Step Act motion occurred *before* the World Health Organization characterized the COVID-19 outbreak as a pandemic on March 11, 2020. Indeed, the coronavirus was never raised in Wheeler's original motion for First Step Act relief.

The government contacted BOP's Deputy Regional Counsel, Northeast Regional Office Bureau staff, who indicated that, as of May 14, 2020, Wheeler has not sought compassionate release or sought any other administrative relief from the Bureau—*based on COVID-19*. (See Govt. Ex. A: BOP Email chain). Only a denial at the level of either the BOP's director or general counsel constitutes a "final administrative decision" 28 C.F.R. § 571.63(b), (d). Therefore, absent a final administrative decision, an inmate has failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). Wheeler has not met this requirement. He thus has cannot have either exhausted his appeals or waited 30 days with no action from the Bureau. Such a request is a necessary precursor to a court's ability to order a prisoner's release, and Wheeler has not satisfied it regarding the newly-raised COVID-19 issues.

The requirement of a 30-day period to afford BOP the initial review of the defendant's request cannot be excused. While Congress indisputably acted in the First Step Act to expand the availability of compassionate release, it expressly imposed on inmates the requirement of initial resort to administrative remedies. And this is for good reason: The BOP conducts an extensive assessment of such requests. See 28 C.F.R. § 571.62(a); BOP Program Statement

5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

As the Procedures reflect, the Bureau of Prisons completes a diligent and thorough review, with expertise concerning both the inmate and the conditions of confinement.  These reviews are conducted to ensure that the inmate's request comports with applicable law, policy statements of the Sentencing Commission, and the BOP's program statements.  The BOP's evaluation includes whether the inmate's request reflects extraordinary and compelling circumstances; whether the inmate's early release would unduly minimize the severity of the inmate's offense; and whether the inmate's early release would unduly jeopardize public safety, all of which are factors that the court also must take into account in evaluating such a request.  This assessment will always have considerable value to the parties and this court.

The Bureau's assessment remains equally—if not increasingly—important in the present crisis.  This Court, like all citizens, is vividly aware that COVID-19 is a nefarious illness, which has infected large numbers of people and caused many deaths in a short period of time.  BOP has accordingly taken significant measures in an effort to protect the health of the inmates in its charge.

BOP has explained that "maintaining safety and security of [BOP] institutions is [BOP's] highest priority."  BOP, Updates to BOP COVID-19 Action Plan: Inmate Movement (Mar. 19, 2020), available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp.

Indeed, BOP has had a Pandemic Influenza Plan in place since 2012.  BOP Health Services Division, Pandemic Influenza Plan-Module 1: Surveillance and Infection Control (Oct. 2012), available at https://www.bop.gov/resources/pdfs/pan_flu_module_1.pdf.  That protocol is

lengthy and detailed, establishing a six-phase framework requiring BOP facilities to begin preparations when there is first a "[s]uspected human outbreak overseas." Id. at i. The plan addresses social distancing, hygienic and cleaning protocols, and the quarantining and treatment of symptomatic inmates. Further details and updates of BOP's modified operations are available to the public on the BOP website at a regularly updated resource page: www.bop.gov/coronavirus/index.jsp. Even when an inmate is identified as eligible for compassionate release or home confinement, the courts should order the inmate to serve a 14-day quarantine period before being released.

Returning to the issue of Wheeler's failure to exhaust administrative remedies: this Court should dismiss Wheeler's supplemental motion based on procedural law. Because he has not filed an administrative request with the BOP raising COVID-19 concerns, the BOP has not had the opportunity to consider such a basis for relief. The risk of COVID-19 by itself is not an extraordinary and compelling reason allowing compassionate release: "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." Raia, 954 F.3d at 597.

Unless or until he does exhaust administrative remedies, and until the BOP either denies his request or 30 days lapse without an answer, this Court has no jurisdiction to consider the merits of his issues under the First Step Act. See 18 U.S.C. § 3582(c)(1)(A).

Because Wheeler is procedurally barred from raising the COVID-19 issue in the present proceeding, the government will not address the merits of the issues raised in his Supplemental Motion or his exhibits thereto. (R. 2281: Suppl. Mot.). The government, however, stands on its previous response that Wheeler is not eligible for First Step Act of 2018 relief because the issue

6

he raised in his original motion (the revised definition of a prior "serious" felony drug conviction) was not made retroactive to the date of his sentencing. In any event, Wheeler presents a danger to the community if released. Judge Katz imposed a life sentence at Wheeler's original sentencing, and chose *not* to reduce that term following remand after some counts were invalidated under the Double Jeopardy Clause. The Court did so for good reason—it presided over the trial and heard all the evidence and relevant conduct presented.

B.   SUMMARY

In sum, the government respectfully asks the Court for the following:

1. Deny Wheeler's *pro se* motion raising the First Step Act's revision of the definition of a prior felony drug conviction, because that section of the First Step Act is not retroactive to sentences imposed prior to December 21, 2018.

2. Deny Wheeler's supplemental motion raising COVID-19 as applied to his medical condition because he is procedurally barred from seeking judicial review until he has exhausted his administrative remedies.

3. If Wheeler does exhaust his administrative remedies and returns to this Court seeking judicial review of a motion for compassionate release based on medical issues, the government respectfully asks the Court to allow it to then brief the issues on the merits. This would include whether his medical conditions and COVID-19 fit within the parameters of extraordinary and compelling reasons, whether this Court may consider plenary resentencing under the First Step Act, the sentencing factors of 18 U.S.C. § 3553(a), and whether Wheeler would pose a danger if released into the community.

Conclusion

Based upon the foregoing, the government requests this Court deny Wheeler's pending

motion and supplemental motion for compassionate release based on the First Step Act of 2018.

                    Respectfully submitted,

                    JUSTIN E. HERDMAN
                    United States Attorney

By:   /s/ Ava R. Dustin
       Ava R. Dustin (OH: 0059765)
       Assistant United States Attorney
       Four Seagate, Suite 308
       Toledo, OH 43604
       (419) 259-6376
       (419) 259-6360 (facsimile)
       Ava.Rotell.Dustin@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this __15th__ day of May, 2020, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

Jeffrey B. Lazarus
Assistant Federal Public Defender
1660 West Second Street, Suite 750
Cleveland, OH 44113
   Attorney for Defendant James Lee "Frank" Wheeler

                    /s/ Ava R. Dustin
                    Ava R. Dustin
                    Assistant U.S. Attorney