**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.  3:03-CR-739 |
| Plaintiff, | : | JUDGE JAMES G. CARR |
| vs. | : | **REPLY TO GOVERNMENT RESPONSE IN SUPPORT OF MOTION FOR SENTENCE REDUTION UNDER 18 U.S.C. § 3582(c)(1)(A)** |
| JAMES LEE WHEELER | : | |
| Defendant. | : | |

The defendant, James Wheeler, by and through counsel, has moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 2281. The government has filed a brief in opposition. Dkt. 2282. Mr. Wheeler now offers the following reply.

        Respectfully submitted,

        STEPHEN C. NEWMAN
        Federal Public Defender
        Ohio Bar: 0051928

        */s/ Jeffrey B. Lazarus*
        JEFFREY B. LAZARUS
        Assistant Federal Public Defender
        Ohio Bar: 0079525
        1660 West Second Street, Suite #750
        Cleveland, OH 44113
        (216)522-4856   Fax:(216)522-4321
        E-mail: jeffrey_lazarus@fd.org

        Attorney for James Wheeler

**REPLY**

On March 26, 2020, Mr. Wheeler filed pro se motion requesting a compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 2278. In his pro se filing, Mr. Wheeler attached his written request to the Warden of the institution, in which he requested a compassionate release. Dkt. 2278-7, PageID 7333-34. In this written request, dated December 16, 2019, Mr. Wheeler sought release based mostly on the circumstances of his original sentence, but also detailed that his "medical condition is deteriorating, primary owing to age related matters, for which there is no treatment. Dkt. 2278-7, PageID 7334. The Warden denied his request for reduction on January 14, 2020. Dkt. 2278-6, PageID 7332.

On May 5, 2020, James Wheeler supplemented his pro se motion for compassionate release. Dkt. 2281. In this motion, Mr. Wheeler provided additional details regarding his personal health issues, and how he believed a reduction was warranted under 18 U.S.C. § 3582(c)(1)(A) and in consideration of the § 3553(a) factors. Mr. Wheeler also addressed the conditions in the Bureau of Prisons due to the COVID-19 pandemic, and that such conditions could have an adverse effect upon his health condition. Given the nature of COVID-19, Mr. Wheeler detailed that his health issues put him at risk for severe complications if the Bureau of Prisons fails to protect him, as it has been unable to do at other institutions throughout the country.

In opposition to Mr. Wheeler's motion, the government makes a single claim: that he has failed to exhaust administrative remedies. Dkt. 2282. The government agrees that Mr. Wheeler properly exhausted his administrative remedies before filing his pro se motion with this Court in March. Dkt. 2282, PageID 7472-73. The government, however, claims he has not exhausted his administrative remedies as it relates to COVID-19. Dkt. 2282, PageID 7473. The government therefore asks for his petition to be dismissed on procedural issues. Dkt. 2282, PageID 7475.

The government's contention has no merit. Mr. Wheeler's pro se petition requested a reduction based, at least in part, on his medical condition. His supplemental motion only provided further support for this claim by providing additional relevant information to his claim that his health is at risk by his continued incarceration. In support of this request, Mr. Wheeler detailed one new and significant that had arisen – the COVID-19 pandemic. Mr. Wheeler's supplemental motion explained the circumstances surrounding the outbreak of this disease and its effect upon all BOP institutions. Mr. Wheeler was not seeking relief based on COVID-19 as an independent ground for compassionate release; to the contrary, COVID-19 was just another way in which his health was in jeopardy. Thus, this is not a new claim, requiring Mr. Wheeler to go back to the Warden and exhaust, but just another fact in support of his original and already-exhausted claim. To require an inmate to go back to the Warden and re-exhaust whenever he adds facts to his original claim would be inefficient and illogical. Thus, the government's claim for dismissal is not valid, and this Court should rule on the merits of his request for compassionate relief.

If, however, this Court does believe that Mr. Wheeler's supplemental motion is not fully exhausted, then he asks this Court to waive the exhaustion requirement given the current circumstances. Exhaustion is not absolutely mandatory, and this Court has the discretion to waive exhaustion as a number of other federal courts have done in assessing motions for compassionate release. *See United States v. Perez*, __ F.Supp.3d __, 2020 WL 1546422 (S.D.N.Y. April 1, 2020) (waiving exhaustion requirement and granting compassionate release motion based on COVID-19); *United States v. Zukerman*, 2020 WL 1659880 (S.D.N.Y. April 3, 2020); *United States v. Colvin*, 2020 WL 1613943 at *2 (D. Conn, April 2, 2020); *United States v. Powell*, Case No. 94-CR-316, Dkt. 98 (D.D.C. Mar. 28, 2020) (waiving exhaustion under § 3582(c)(1)(A) where the [c]ourt found that "requiring defendant to first seek relief through the [BOP] administrative process

3

would be futile"); *United States v. Razzouk*, Case No. 1:11-CR-430, Dkt. 136 (E.D.N.Y. April 19, 2020); *United States v. Coles*, Case No. 2:00-CR-20051, Dkt. 238 (C.D.Ill. April 24, 2020).

Section 3582(c)(1)(A) imposes "a statutory exhaustion requirement" that "must be strictly enforced." *United States v. Monzon*, 2020 WL 550220 at *2 (S.D.N.Y. Feb. 4, 2020) (citing *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004) (internal quotation marks and alterations omitted)). The Court may waive that requirement only if one of the recognized exceptions to exhaustion applies.

Recently, in *United States v. Scparta*, 2020 WL 1910481 (S.D.N.Y. April 20, 2020), the Court excused the failure to exhaust in a compassionate release motion. Citing to *United States v. Gross*, 2020 WL 1673244 (S.D.N.Y. April 6, 2020), the Court held:

> The First Step Act's exhaustion requirement is not jurisdictional. *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (holding that unless Congress 'clearly stated that [a] rule is jurisdictional,' the Court must treat it as non-jurisdictional).The exhaustion requirement in Section 3582(c) is instead a claim-processing rule, which is a non-jurisdictional rule that 'seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.' *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). Thus, 'the exhaustion requirement in Section 3582(c)(1)(A) merely controls who – the BOP or defendant – may move for compassionate release and when such a motion may be made. It simply delineates the process for a party to obtain judicial review, not referring the adjudicatory capacity of the courts.' *United States v. Haney*, 2020 WL 1821988, at *2 (S.D.N.Y. Apr. 13, 2020) (also noting that this exhaustion requirement is 'not part of a jurisdictional portion of the criminal code').

*Scparta*, 2020 WL 1910481 at *4. The Court further held that such "claim-processing rules are subject to equitable considerations such as waiver, estoppel, or futility." *Id.* at *5 (citing *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 443 (2d Cir. 2006) (collecting cases)). Nonetheless, the *Scparta* Court found the exhaustion requirement in § 3582(c)(1)(A) is uniquely different from exhaustion requirements in other statutes. *Id.* at *6. Guided by congressional intent, the Court found strict construction of the exhaustion requirement would conflict with the statutes' aims. *Id.*

4

at *7. Specifically, the First Step Act's title "Increasing the Use and Transparency of Compassionate Release," weighed in favor of equitable exceptions to the exhaustion requirement. *Id.*; *see also* Pub. L. No. 115-391, 132 Stat. 5339 (2018). The Court also relied on the legislative history concluding:

> as the House Report for the First Step Act explains that the statute is designed to 'enhance public safety' and 'make changes to Bureau of Prisons' policies and procedures to ensure prisoner and guard safety and security.' H.R. Rep. 115-699 at 22. Yet strictly construing the exhaustion requirement and not admitting equitable exceptions in these circumstances achieves precisely the opposite result.

*Id.* The Court held, "because the 30-day rule was meant as an accelerant to judicial review, it would pervert congressional intent to treat it as a substantial obstacle to effective judicial review." *Id.* at *7 (citing *United States v. Russo*, No. 16-CR-441, Dkt. No. 54, at 4 (S.D.N.Y. Apr. 3, 2020)). The *Scparta* Court concluded "the First Step Act's text, history, and structure all counsel in favor of concluding that the statute's exhaustion requirement is amenable to equitable exceptions. And here, waiting for Mr. Scparta to exhaust his remedies would both be futile and cause him irreparable harm." *Id.* at *8.

In *United States v. Guzman-Soto*, Case No. 1:18-CR-10086, Dkt. 48 (D. Mass. April 17, 2010), the district court also waived the exhaustion requirement. In looking to congressional intent, found exhaustion requirement in § 3582(c)(1)(A) was non-jurisdictional. *Id.* pp. 4-6 (citing *Casanova v. Dubois*, 289 F.3d 142, 146 (1st Cir. 2002)). The Court chose to use its discretion to waive the 30-day requirement, finding Congress did not intend to preclude courts from considering "exigent circumstances" in assessing compassionate release motions. *Id.* at pp. 9-10.

In *United States v. Minor*, Case No. 9:18-CR-80152, Dkt. 35 (S.D.Fl. April 17, 2020), the district court also waived exhaustion requirement, finding due to the:

> unprecedented virus, it would unduly prejudice the Defendant to require him to exhaust administrative remedies. Each day that Defendant spends in confinement,

5

> he is at a heightened risk of contracting the COVID-19 virus. Delaying a ruling on Defendant's motion until such time as the Bureau of Prisons can consider his circumstances and take action would be unreasonable and would expose Defendant to unnecessary risk. Accordingly, I find that it is appropriate to allow Defendant to proceed despite his failure to exhaust administrative remedies.

*Id.* at p. 4.

In *United States v. Love*, Case No. 1:14-CR-4, Dkt. 41 (W.D.Mi. April 21, 2020), the district court in the Western District of Michigan found an FCI Elkton inmate would be unduly prejudiced by the exhaustion requirement. The district detailed the dire circumstances at FCI Elkton, the inmate's risk for serious health problems, and granted his motion for compassionate release even though he had not exhausted administrative remedies. *Id.* at pp. 3-4.

"Even where exhaustion is seemingly mandated by statute . . . , the requirement is not absolute." *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) (citing *McCarthy v. Madigan*, 503 U.S. 140, 146–47 (1992)).[1] There are three circumstances where failure to exhaust may be excused. "First, exhaustion may be unnecessary where it would be futile, either because agency decision-makers are biased or because the agency has already determined the issue." *Id.* Second, "exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." *Id.* at 119. Third, "exhaustion may be unnecessary where pursuing agency review would subject plaintiffs to undue prejudice." *Id.*

All three of these exceptions apply here. "[U]ndue delay, if it in fact results in catastrophic health consequences, could make exhaustion futile. Moreover, the relief the agency might provide

---

[1] The Supreme Court has stressed that for "a statutory exhaustion provision . . . Congress sets the rules – and courts have a role in creating exceptions only if Congress wants them to." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). Even when faced with statutory exhaustion requirements, however, the Supreme Court has allowed claims to proceed notwithstanding a party's failure to complete the administrative review process established by the agency "where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate," so long as the party presented the claim to the agency. *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976).

could, because of undue delay, become inadequate. Finally, and obviously, [they] could be unduly prejudiced by such delay." *Washington*, 925 F.3d at 120-21; *see also Bowen v. City of New York*, 476 U.S. 467, 483 (1986) (holding that irreparable injury justifying the waiver of exhaustion requirements exists where "the ordeal of having to go through the administrative process may trigger a severe medical setback" (internal quotation marks, citation, and alterations omitted)); *Abbey v. Sullivan*, 978 F.2d 37, 46 (2d Cir. 1992) ("[I]f the delay attending exhaustion would subject claimants to deteriorating health, . . . then waiver may be appropriate."); *New York v. Sullivan*, 906 F.2d 910, 918 (2d Cir. 1990) (holding that waiver was appropriate where "enforcement of the exhaustion requirement would cause the claimants irreparable injury" by risking "deteriorating health, and possibly even . . . death").

Here, delay of a month carries the risk of catastrophic health consequences for Mr. Wheeler, who is at high risk for fatal complications due to his health issues detailed in his supplemental motion. In *Perez*, *supra*, the district court waived the exhaustion requirement in a compassionate release motion simply because of the prevalence of COVID-19 in the institution, even the defendant had not tested positive. "Courts should be flexible in determining whether exhaustion should be excused," *Pavano v. Shalala*, 95 F.3d 147, 151 (2d Cir. 1996), and "[t]he ultimate decision of whether to waive exhaustion . . . should also be guided by the policies underlying the exhaustion requirement." *Bowen*, 476 U.S. at 484.

Further, waiving the exhaustion requirement in this case is consistent with the compassionate release statute. The provision allowing defendants to bring motions under § 3582(c)(1)(A) was added by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), in order to "increas[e] the use and transparency of compassionate release." 132 Stat. 5239. Requiring exhaustion generally furthers that purpose, because the Bureau of Prisons is normally best situated

7

to understand an inmate's health and circumstances relative to the rest of the prison population and identify "extraordinary and compelling reasons" for release. 18 U.S.C. § 3582(c)(1)(A)(i). In Mr. Wheeler's case, however, administrative exhaustion would defeat, not further, the policies underlying § 3582(c). Here, delaying release amounts to denying relief altogether and runs the risk of Mr. Wheeler suffering great physical harm. Given the circumstances, requiring Mr. Wheeler to go back to the Warden and make another request would be a futile endeavor. Also, given that the Warden denied him back in January, there is no reason to believe the Warden would have changed his mind. Mr. Wheeler asks that his sentence be modified so that he can be released now, leave a prison where there is a lack of appropriate medical care, and commence a period of home confinement. Therefore, he requests this Court waive the exhaustion requirement.

He therefore asks this Court to waive the exhaustion requirement and find that extraordinary and compelling circumstances exist to warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) for the reasons set forth in his supplemental motion.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender
Ohio Bar: 0079525
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216)522-4856   Fax:(216)522-4321
E-mail: jeffrey_lazarus@fd.org

Attorney for James Wheeler