IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                  Case No. 3:03-CR-00739-JGC

        Plaintiff,

   v.                                                                     **ORDER**

James Lee Wheeler,

        Defendant.

      Defendant James Lee Wheeler has filed two motions for compassionate relief. The first (Doc. 2278), sought a sentence reduction under the First Step Act of 2018 (the "Act") based on changes made to the definition of a prior felony drug conviction under 21 U.S.C § 841(b)(l)(a). He claimed entitlement to relief because his prior felony drug conviction would no longer qualify under 21 U.S.C. § 851(a) as a basis for a sentencing enhancement. (Doc. 2278, pgID 7309-10).

      Defendant is not eligible for relief based on the amendment to § 841(b)(1). Section 401(c) of the Act states that the Act "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Wheeler cannot meet that requirement because the court sentenced him on June 19, 2009. (Doc. 2070).

      Moreover, Wheeler is ineligible for relief based on the amendment to § 841(b)(1)(a) because the sentencing court did not enhance his sentence pursuant to § 851(a). Instead, the court clearly stated that it "relied upon the Sentencing Guidelines and the § 3553(a) factors in imposing a sentence at the high end of the range and it is clear that there was no need to consider the § 851 information, nor did this Judge do so." (Doc. 2155, PgID 6960-61.

In his second motion for compassionate release (Doc. 2281), defendant seeks relief based on his medical condition in light of the current Covid-19 pandemic. As the government points out, however, the defendant has failed to satisfy the exhaustion requirement of 28 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is a mandatory claim-processing rule that must be enforced when properly invoked. *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020). I must, accordingly, dismiss the motion; I do so, however, without prejudice to the defendant's right to refile once he has exhausted his administrative remedies. *See, e.g., United States v. Bowman,* 2020 WL 3250225 (E.D. Mich., June 16, 2020).

Accordingly,

IT IS hereby ORDERED that

1) Defendant's motion for relief pursuant to the First Step Act of 2018 based on changes in the definition of crimes that qualify for sentence enhancement under § 851(a) (Doc. 2278) be, and the same hereby is, denied with prejudice; and

2) Defendant's motion for compassionate release based on Covid-19 (Doc. 2281) is denied without prejudice to his right to seek such release once he has exhausted the available administrative remedies.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge