# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:03-CR-739 |
| Plaintiff, | : : | |
| | : | JUDGE JAMES G. CARR |
| vs. | : : | |
| | : | **REPLY TO GOVERNMENT** |
| JAMES LEE WHEELER, | : | **RESPONSE ON MOTION FOR** |
| | : | **SENTENCE REDUCTION** |
| Defendant. | : : | |

The defendant, James Wheeler, by and through counsel, has filed a motion for sentence reduction, requesting a compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 2290. The government has filed a response in opposition. Dkt. 2292. Mr. Wheeler now offers the following reply.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender
Ohio Bar: 0079525
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216)522-4856  Fax:(216)522-4321
E-mail: jeffrey_lazarus@fd.org

Attorney for James Wheeler

**MEMORANDUM IN SUPPORT**

James Wheeler has been serving a life sentence since 2003. He has significant health issues, which place him at great risk for severe illness if he were to contract COVID-19. Given the risk to his health and the circumstances surrounding COVID-19 at FCI Terre Haute, there exist extraordinary and compelling circumstances to warrant a compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). His motion requests this Court grant a compassionate release and details why he is not a danger to society. Dkt. 2290. The government has responded, opposing for three reasons: 1) Mr. Wheeler's medical issues are not significant enough to warrant a reduction; 2) he is a danger to society; and 3) the changes to his statutory and guidelines range should not be considered by this Court. Dkt. 2292. Mr. Wheeler disagrees with the government's claims in all three areas and now offers a reply to each.

**I.     The COVID-19 outbreak at FCI Terre Haute over the last few weeks**

Mr. Wheeler filed his opening motion on August 6, 2020. Dkt. 2290. At the time, there was only one active COVID-19 case at FCI Terre Haute, where Mr. Wheeler is incarcerated. Dkt. 2290, PageID 7748. In the 26 days since that filing, FCI Terre Haute has seen a significant outbreak in the virus. As of today, September 1, 2020, there are <u>45 active</u> COVID-19 cases among the inmate population, and two staff members. *See* https://www.bop.gov/coronavirus/ (updated daily). To date, the institute has had 75 positive cases throughout the pandemic, with 21 tests still pending. *Id.* In fact, in the six days since the government filing, the number of positive inmates has grown from 14 to 75. *See* Dkt. 2292, PageID 7841. This sudden and drastic increase in positive inmates is concerning. Any argument that the Bureau of Prisons has this crisis under control is clearly not true. Further, the number of actual positive inmates is likely higher than the 45 active cases, as there are serious testing deficiencies within the BOP. To date, only 411 inmates at Terre Haute

2

have been tested (since the pandemic began) out of 1,146 inmates at the institution. Given the number of active COVID-19 cases, the risk to Mr. Wheeler's health is real and concerning. He asks this Court to consider these circumstances in evaluating this motion.

**II.  Mr. Wheeler's health conditions are significant and constitute extraordinary and compelling circumstances to justify a reduction**

The government tries to downplay the seriousness of Mr. Wheeler's medical conditions. Dkt. 2292, PageID 7838. Mr. Wheeler have <u>five different</u> health conditions, each of which is a risk factor for severe illness if he contracts COVID-19. *See* Dkt. 2290, PageID 7749-50. These are his: 1) age; 2) heart issues; 3) diabetes; 4) high blood pressure; and 5) COPD. Each one of these conditions are medical conditions is recognized by the CDC as placing him at high risk if they contract COVID-19.[1]

Mr. Wheeler's age alone, 77, places him at risk. Several federal court have relied on a defendant's age in granting a compassionate release. *See United States v. Regas*, Case No. 91-CR-57, 2020 WL 2926457, at *3 (D. Nev. June 3, 2020) (granting compassionate release for 77-year-old at facility with no confirmed COVID-19 cases); *United States v. Ebbers*, 432 F. Supp. 3d 421, 431 (S.D.N.Y. 2020) (granting compassionate release for a 78-year-old man who had served 13 years in prison, and suffered from health issues); *United States v. Hansen*, Case No. 07-CR-520, 2020 WL 1703672 at *7 (E.D.N.Y. Apr. 8, 2020) ("Mr. Hansen is over 65 years old, has served more than 10 years of his sentence, and based on the court's review of Mr. Hansen's medical records, is experiencing a serious, age-related deterioration in his physical and mental health."); *United States v. Nazzal*, Case No. 10-CR-20392, 2020 WL 3077948 at *4 (E.D. Mich. June 10,

---

[1] *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html*

2020) ("Moreover, it is beyond dispute that the defendant's age places him at serious risk according to the CDC guidelines, and his risk is aggravated by other serious conditions including a history of heart disease, essential hypertension, type-2 diabetes, and asthma from which he evidently suffers daily and for which he takes medication."); *United States v. Saad*, Case No. 16-20197, 2020 WL 2065476 (E.D. Mich. Apr. 29, 2020) (ordering compassionate release of 71 year old inmate who suffered from medical conditions including kidney disease, hypertension, pulmonary hypertension, sleep apnea, shingles, diabetes, back problems, a frozen thigh from an overdose of Coumadin given by prison officials, and who also had a history of heart surgery and knee replacement, and a recent diagnosis of kidney cancer).

Mr. Wheeler also suffers from heart issues, and is being treated for an aortic aneurysm, and a heart murmur. As this is another risk factor for severe illness, other federal courts have granted reductions for defendants with similar heart issues. *See United States v. Peterson*, Case No. 7:12-CR-15, Dkt. 63 (E.D.N.C. June 4, 2020) (granting compassionate release to 80-year-old defendant suffering from coronary artery disease and aortic aneurysm); *United States v. Minor*, Case No. 9:18-CR-80152, Dkt. 35 (S.D.Fl. April 17, 2020) (granting reduction to 71-year-old defendant who "suffers from type 2 diabetes mellitis, cardiovascular disease, aortic aneurysm, atrial fibrillation, cerebrovascular disease, hypertension, heart disease, hyperlipidemia, and sleep apnea, and has previously experienced multiple strokes and prostate cancer."); *United States v. Love*, Case NO. 1:14-CR-004, Dkt. 41 (E.D.Mi. April 21, 2020) (granting compassionate release for 66-year-old "with a history of aortic aneurisms"); *United States v. Herrera*, Case No. 2:02-CR-531, Dkt. 546 (C.D.Cal. May 18, 2020) (granting renewed motion for compassionate release for inmate who suffered from aortic valve disorder and other heart issues).

4

Regarding his from diabetes, hypertension, and COPD, each of these medical conditions are detailed in his opening motion, and included a string cite for each to federal courts granting sentence reductions based on said medical condition. *See* Dkt. 2290, PageID 7749-51, n. 4-6.

In total, Mr. Wheeler have five separate medical conditions, each of which individually are risk factors, and each of which a number of federal courts have relied on in granting a sentence reduction. Given the totality of these issues, Mr. Wheeler's medical conditions are extraordinary and compelling reasons to grant a reduction. While he is receiving medication and is not currently suffering dire medical issues, he is still at risk for severe illness if he were to contract COVID-19. Given the recent outbreak within FCI Terre Haute, there is a significant risk to him.

**III.    The government has presented no evidence that Mr. Wheeler currently a danger to society**

The government argues Mr. Wheeler is a danger to society. The government's entire argument that Mr. Wheeler is a danger relies on the actions surrounding his original offense. Dkt. 2292, PageID 7841-45. Many of these actions were, in fact, actions by the motorcycle club and not actions by Mr. Wheeler himself. It cannot be denied that in 2003, when Mr. Wheeler stood trial, he was a danger to society, for which he was sentenced to life in prison. That, however, was seventeen years ago or longer. The government's response details a number of facts surrounding the actions of the motorcycle club, but fails to gives dates to which it refers. Dkt. 2292, PageID 7841-45. Based on the government's previous filings, it is clear the government is referring to actions from 1981, 1983, and 1994. Dkt. 2285, PageID 7504-05.

The government relies on the collective actions of the Outlaws motorcycle club, not on Mr. Wheeler's individual actions. Many of the actions referred to by the government were done without Mr. Wheeler's knowledge. This is explained in detailed by the attached letter from Andrew Geltzer. *See* Exhibit A. Mr. Geltzer is a member of Outlaws motorcycle club and a legal

5

investigator. Mr. Geltzer provides detail surrounding the actions referred to by the government in their brief. He sets the record straight that many of the crimes referred to by the government were actions of the motorcycle club at large, and not by Mr. Wheeler himself, and many of them done with Mr. Wheeler's knowledge. Ex. A, p. 2.

The government has not presented any evidence that he is ask to society <u>today</u>. In fact, he is not a risk, and over the last seventeen years of incarceration, he has demonstrated good behavior and signs towards full rehabilitation. Dkt. 2290. In fact, the documents authored by the BOP make clear that Mr. Wheeler has had "excellent institutional conduct," and that he has a PATTERN Risk Score of "minimum." Dkt. 2290-1, PageID 7766-67.

The serious nature of Mr. Wheeler's original offense should not, by itself, preclude him to receiving a compassionate release. Other federal courts within the Northern District of Ohio have granted sentence reductions for inmates whose offenses involved violence, whose sentence length was similar to the sentence in this case, and also for those whose criminal history was quite serious (those found to be career offenders and Armed Career Criminals). Chief Judge Patricia Gaughan recently granted a compassionate release motion for a defendant serving a 35-year sentence who had been deemed a career offender and was convicted of two counts of possession of a firearm in furtherance of drug trafficking crime (§ 924(c)). *See United States v. McClellan*, Case No. 1:92-CR-268, Dkt. 221 (N.D. Ohio, June 3, 2020). Judge Solomon Oliver reduced the sentence of an inmate convicted of "multiple counts of armed bank robbery and firearms charges" (§ 924(c)) for which he originally received a total sentence of 627 months. *United States v. Sparrow*, Case No. 5:98-CR-126, Dkt. 122 (N.D. Ohio, June 18, 2020).

Federal judges from other districts have also done so. Of particular note is *United States v. Parker*, Case No. 2:98-CR-749, Dkt. 965 (N.D.Cal. May 21, 2020). Ralph Parker received a life

sentence in 2000 for his role as the leader of a multi-defendant drug conspiracy that included several burglaries related to the drug conspiracy. *Id.* Due to his age (65 years old), degenerative joint disease, high blood pressure, and diabetes, the district court granted him a compassionate release. *Id.* at PageID 2347. The district court detailed the seriousness of his offense, including the large amount of firearms, grenades, and ammunition that were found at his arrest, but found his rehabilitative efforts over the last 22 years no longer made him a risk of danger. *Id.* at PageID 2353, 2356.

Other federal courts have issued similar holdings. *See e.g., United States v. Ledezma-Rodriguez*, Case No. 3:00-CR-71, Dkt. 218 (S.D. Iowa, July 14, 2020) (life sentence for drug trafficking granted a compassionate release following COVID-19); *United States v. Day*, Case No. 1:05-C$-460, Dkt. 259 (E.D.Va. July 23, 2020) (defendant had been serving life sentence since 2006 for a conspiracy involving over 100 kilograms of powder cocaine, due to defendant's obesity, hypertension, and asthma, he was granted a compassionate release); *United States v. Copeland*, Case No. 2:05-CR-135, Dkt. 662 (D.S.C. March 24, 2020) (granting a sentence reduction for defendant who had been found to be an Armed Career Criminal and sentenced to life in prison due to his prior drug convictions); *United States v. Williams*, Case No. 1:99-CR-120, Dkt. 566 (D. Colo. June 15, 2020) (finding although defendant has a "penchant for violent crimes using firearms" when originally sentenced in 2002 to 293 months and had 30 months remaining on his sentence, his health issues warranted a sentence reduction); *United States v. Almontes*, Case No. 3:05-CR-58, 2020 WL 1812713, at *1 (D. Conn. Apr. 9, 2020) (granting compassionate release of defendant with drug and Section 924(c) conviction, who had been deemed a career offender based on prior assault and robbery convictions); *United States v. Williams*, Case No. 3:04-CR-95, Dkt. 91 (N.D. Fla. Apr. 1, 2020) (finding compassionate release appropriate for defendant convicted of

armed bank robbery and brandishing a firearm during a crime of violence who had a prior criminal history including "six prior convictions for armed bank robbery and three prior convictions for bank robbery"); *United States v. Scott*, Case No. 7:98-CR-79, Dkt. 317 (E.D.N.C. Feb. 4, 2020) (granting compassionate release of defendant serving a lengthy sentence for Hobbs Act robbery and multiple counts of using and carrying a sawed-off shotgun and other firearms during and in relation to crimes of violence); *United States v. Mitchell*, Case No. 4:09-CR-26 (N.D. Fla. Feb. 3, 2020) (granting compassionate release of defendant who pled guilty to possessing a firearm in furtherance of drug distribution offense and was sentenced as an armed career criminal). He asks this Court to consider these cases in determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(1)(A)(i).

**IV.    The changes to Mr. Wheeler's statutory and guideline range are relevant to this motion and should be considered**

The government asks this Court to "not apply" the changes to Mr. Wheeler's statutory and sentencing guidelines ranges. Dkt. 2292, PageID 7847-48. The government does not deny that both Mr. Wheeler's statutory sentencing penalties and the applicable guideline ranges have been lowered since his 2005 sentencing hearing.

Mr. Wheeler's original statutory range was 20 years to life under 21 U.S.C. §§ 841(b)(1)(A), 846 and 851. Due to changes enacted by Congress through the First Step Act of 2018, his offense would instead carry a statutory term of ten years to life. Dkt. 2290, PageID 7757. As detailed in his opening motion, Mr. Wheeler's 1972 Indiana drug possession conviction would not enhance his statutory range under current law. *See* 21 U.S.C. § 851.

Regarding the sentencing guidelines, Mr. Wheeler was originally found to have a Criminal History Category of II, but the district court found he qualified as a career offender. Dkt. 2281-1, PageID 7383, 7389. The career offender finding was also predicated on his 1972 Indiana drug

8

possession conviction. As a result, Mr. Wheeler's offense level rose to 41, his Criminal History Category went from II to VI, and his sentencing guideline range became 360 months to life. Dkt. 2281-1, PageID 7396-97. There is no dispute his 1972 Indiana conviction would not qualify today as a career offender predicate. Accordingly, his sentencing guideline range under current law would be 262 to 327 months, at total offense level 38, CHC II. Dkt. 2290, PageID 7758-59.

Mr. Wheeler is not asking for retroactive application of these changes to the law and does not seek to "apply" these statutory changes or guidelines changes to his current sentence. Instead, Mr. Wheeler merely asks this Court to consider these changes to the law in evaluating this motion. Judges within the Northern District of Ohio have granted compassionate release motions based on the statutory changes to a defendant's sentence since their original sentencing.[2] Other federal courts across the country have made similar holdings.[3] Furthermore, district judges within the

---

[2] Chief Judge Patricia Gaughan recently granted a compassionate release motion for a defendant serving a 35-year sentence who had been deemed a career offender and was convicted of two counts of possession of a firearm in furtherance of drug trafficking crime (§ 924(c)), which would not qualify under current law. *See United States v. McClellan*, Case No. 1:92-CR-268, Dkt. 221 (N.D. Ohio, June 3, 2020). Judge Solomon Oliver reduced the sentence of an inmate convicted of "multiple counts of armed bank robbery and firearms charges" (§ 924(c)) for which he originally received a total sentence of 627 months, but would not receive today. *United States v. Sparrow*, Case No. 5:98-CR-126, Dkt. 122 (N.D. Ohio, June 18, 2020); In *United States v. Wise*, Case No. 5:98-CR-138, Dkt. 112 (N.D. Ohio, June 25, 2020), Judge Gwin reduced a defendant's 610-month sentence for six bank robberies, which included multiple § 924(c) convictions which would not receive the same sentence today.

[3] *See United States v. Maumau*, 2020 WL 806121, *4 (D. Utah Feb. 18, 2020) (granting a compassionate release, and reducing defendant's 55-year sentence to time served as defendant would not receive the same sentence due to recent changes in law under 18 U.S.C. § 924(c)); *United States v. Young*. 2020 WL 1047815 (M.D.Tenn. March 4, 2020) (finding extraordinary and compelling circumstances in defendant's health issues and the disparity between his sentence and the sentence he would receive under current law); *United States v. Urkevich*, 2019 WL 6037391, *2 (D.Neb. November 14, 2019) (granting reduction because of the § 924(c) sentence stacking, as defendant's 848-month sentence would be 368 months today); *United States v. Brown*, 411 F. Supp. 3d 446, 453 (S.D. Iowa 2019) ("a district court assessing a compassionate release motion may [ ] consider the resulting sentencing disparity when assessing if there are "extraordinary and compelling reasons" supporting release.").

Northern District of Ohio have granted compassionate release motions, based in part on the fact that the defendant would receive a lower sentence under current law. *See United States v. Flakes*, Case No. 1:14-CR-214, Dkt. 1142 (N.D. Ohio, July 20, 2020) (Judge Gwin granting compassionate release, in part because the defendant's sentencing guideline range had been lowered since his original sentencing); *United States v. Wahid*, Case No. 1:14-CR-214, Dkt. 1151 (N.D. Ohio August 14, 2020) (same). The fact that he would likely not receive the same sentence today is a valid consideration, especially in conjunction with Mr. Wheeler's personal health issues and the COVID-19 pandemic that is greatly affecting our nation's prisons.

**V.     Conclusion**

For the foregoing reasons, James Wheeler requests this Court grant him a compassionate release as permitted by 18 U.S.C. § 3582(c)(1)(A). These circumstances demonstrate extraordinary and compelling circumstances to justify a reduction in his custodial sentence. He asks this Court to reduce his sentence to time served and that he immediately be placed on supervised release, with whatever conditions this Court believes are necessary.

                                                Respectfully submitted,

                                                STEPHEN C. NEWMAN
                                                Federal Public Defender
                                                Ohio Bar: 0051928

                                                */s/ Jeffrey B. Lazarus*
                                                JEFFREY B. LAZARUS
                                                Assistant Federal Public Defender
                                                Ohio Bar: 0079525
                                                1660 West Second Street, Suite #750
                                                Cleveland, OH 44113
                                                (216)522-4856   Fax:(216)522-4321
                                                E-mail: jeffrey_lazarus@fd.org

                                                Attorney for James Wheeler